UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, INDIVIDUALLY AND** | \* | **CASE NO.** |
| **ON BEHALF OF ALL OTHERS** | \* | |
| **SIMILARLY SITUATED** | \* | **DIVISION:** |
| | \* | |
| **VERSUS** | \* | **SECTION:** |
| | \* | |
| **FLORIDA GAS TRANSMISSION COMPANY, L.L.C.** | \* | **JURY TRIAL DEMANDED** |
| **AND XYZ INSURANCE COMPANY** | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT

Plaintiff, Janie Thigpen, Individually and on behalf of all others similarly situated and as a representative of the class defined herein (the "Class") bring this action against the named Defendants herein (collectively referred to herein as "Defendants") and respectfully submit the following:

1.

## PRELIMINARY STATEMENT

This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class Members as a result of the rupture and explosion of "Line 200," a natural gas transmission pipeline owned, operated and maintained by Defendant, Florida Gas Transmission Company, L.L.C., (hereinafter "Florida Gas") on June 18, 2013, at approximately 5:25 a.m. CST, near Enon, Louisiana. Following the explosion, flames engulfed the area surrounding the site of the rupture and explosion and, quite literally, scorched the earth. Local government and law enforcement officials implemented an immediate and mandatory

evacuation of the area until the explosion and fire could be brought under control. As a direct result of this rupture, explosion and fire, Plaintiff and the Class Members sustained damage to their homes, property, bodily injuries, diminution of their property values, and other damages.

2.

## PARTIES

The named Plaintiff to this cause of action are as follows:

A. **Janie Thigpen**, a person of the full age of majority and a resident and domiciliary of the Parish of Washington, State of Louisiana. Ms. Thigpen's home and property is located directly adjacent to the site of the Pipeline explosion.

3.

The named Defendants to this cause of action are as follows:

A. **Florida Gas Transmission Company, L.L.C.**, ("Florida Gas") a foreign Corporation authorized to do and doing business in the State of Louisiana and within the jurisdictional boundaries of the United States District Court for the Eastern District of Louisiana.

B. **XYZ INSURANCE COMPANY,** a fictitious name for an actual insurance corporation who, at all times relevant hereto, was authorized to do and was doing business within the jurisdictional boundaries of the United States District Court for the Eastern District of Louisiana.

4.

## JURISDICTION AND VENUE

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and/or § 1441, as the citizenship of the parties hereto is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. More particularly, Plaintiffs, Janie Thigpen, Individually and on behalf of all others similarly situated, are citizens of the State of Louisiana and Defendant, Florida Gas, is domiciled in the State of Delaware, with its principal place of business being in the State of Texas.

5.

Venue is also proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 because the acts and omissions complained of occurred in this District and because the damages were sustained in this District.

6.

**DIRECT ACTION**

Upon information and belief, Defendant, XYZ Insurance Company, provided liability insurance coverage to Defendant, Florida Gas, for the acts and/or omissions made the basis of this suit and XYZ Insurance Company is made a defendant herein directly pursuant to the provisions of the Louisiana Direct Action Statute.

7.

**FACTUAL ALLEGATIONS**

Florida Gas Transmission Company, L.L.C., is the owner and/or operator of the "Line 200" natural gas transmission pipeline (periodically referred to hereinafter as the "Pipeline.")

8.

The "Line 200" pipeline is a loop line that includes a 26-inch diameter section that starts at the Buller Compressor Station at Mile Post (MP) 440.6 in western Louisiana and runs to the Zachary Compressor Station in Zachary, Louisiana at MP 559.3; and a 30-inch diameter section that starts west of the Zachary Compressor Station at MP 520.1 and runs approximately 548 miles to Brooker, Florida. Portions of the 30-inch diameter section of Line 200 run through populated areas, environmentally sensitive areas, and cross state and local highways.

9.

The Pipeline ruptured on June 18, 2013, at approximately 5:25 a.m. CST, near the town of Enon, Louisiana.

10.

The section of Pipeline that ruptured was 30 inches in diameter and was buried approximately six feet underground prior to the incident forming the basis of this suit.

11.

Upon information and belief, the Pipeline was constructed in 1966 and its interior and exterior walls had corroded to such an extent that a rupture was certain to occur under normal operating pressures if the Pipeline was not repaired and/or replaced.

12.

When the Pipeline ruptured, a 75-foot-long section of 30 inch diameter pipe was ejected from underground and natural gas was literally pumped into the air and into the environment surrounding the location of the rupture. The exact amount of natural gas that escaped from the Pipeline into the atmosphere is currently unknown.

13.

Natural gas that escaped and that was being pumped through the Pipeline ignited, causing an explosion and fire that burned nearby timberlands and forest, as well as Plaintiff, Janie Thigpen's home.

14.

The rupture, explosion and fire were so powerful that various federal, state, and local agencies responded to the scene of the rupture, explosion, and fire. Property owners and residents in nearby homes were ordered to immediately evacuate the area.

15.

Florida Gas failed to adequately inform the various federal, state, and local agencies that responded to the incident of the magnitude of the potential danger posed by the Pipeline before the explosion and fire were brought under control, which necessitated a second evacuation from the original "safety zone."

16.

The heat from the explosion and fire was so intense at the site of the rupture that clay and sand under the surface of the ground was baked and turned into a substance that resembled porcelain glass.

17.

The intense heat at the site of the explosion caused Plaintiff, Janie Thigpen's, house to catch fire which resulted in substantial physical damage to her home.

18.

Plaintiff, Janie Thigpen, owns the land at the site of the Pipeline rupture and fire, subject to a servitude in favor of Florida Gas for maintenance and operation of the Pipeline.

19.

Prior to this incident, Plaintiff, Janie Thigpen, maintained and managed the land and trees surrounding the site of the Pipeline rupture. More specifically, Plaintiff harvested the timber from the land and as a direct result of the fire caused by the Pipeline's rupture, Plaintiff has lost virtually her entire crop of trees which has resulted in a substantial economic hardship and loss to Plaintiff, Janie Thigpen.

20.

The rupture, explosion, and fire, at issue has caused a substantial decrease in the fair market value of Plaintiff, Janie Thigpen's, property, to her direct economic detriment.

21.

In addition to the property damage and economic loss referenced hereinabove, as a result of the Pipeline rupture, explosion and fire, Plaintiff, Janie Thigpen, sustained bodily injuries, as well as shock to her nervous system and psyche, the final sequella of which is currently unknown.

22.

At all times relevant hereto, the Pipeline was owned and/or maintained and/or manned and/or possessed and/or managed and/or controlled and/or chartered and/or operated by Florida Gas.

23.

The rupture, fire and explosion of the Pipeline and the damage resulting therefrom was caused by the negligence of Defendant, Florida Gas, which renders Florida Gas liable jointly, severally, and *in solido* to the Plaintiffs and Class Members for all their damages sustained as a result of the incident forming the basis of this suit.

24.

The rupture, explosion, and fire forming the basis of this suit is the second incident of pipeline failure experienced by Florida Gas's Line 200 within a sixteen month period. Specifically, on February 13, 2012, a portion of the Pipeline having nearly identical construction, manufacture, diameter, and operational capacity, ruptured near the Zachary Compressor Station, under similar operating pressures. Upon information and belief, the Pipeline rupture that occurred on February 13, 2012, was caused by corrosion of the exterior wall of the Pipeline.

25.

Continued use of the Pipeline following the February 13, 2012, rupture constituted an unreasonable risk of harm to the public, as Defendant, Florida Gas, had actual and/or constructive knowledge of the dangerous condition that existed, namely corrosion of the Pipeline, and failed to take any remedial and/or corrective action to remedy the situation, as is evidenced by the fact that the incident complained of herein is the second occurrence of a failure of the Line 200 natural gas transmission pipeline within a sixteen month period, and Plaintiff and the Members of the Class sustained damages as a result of the rupture, explosion, and fire that occurred on June 18, 2013.

26.

The injuries and damages suffered by Plaintiffs and Class Members were caused by Defendant's violations of numerous statutes and regulations, including, but not limited to, the Pipeline Inspection, Protection, Enforcement, and Safety Act of 2006 (49 U.S.C. 601, *et seq.*); the Gas Integrity Management Rule (49 CFR §192(O)), including the federally mandated requirements to take corrosion resistance measures and properly test natural gas transmission pipelines at regular intervals.

27.

Florida Gas knew of the dangers associated with the transmission of natural gas through the Pipeline and failed to take appropriate measures to prevent damage to Plaintiff, the Class Members, and the environment and areas, where Plaintiff and the Class Members reside, work, relax, and earn a living.

28.

The Pipeline's rupture, explosion, and fire have caused and will continue to cause loss of revenue and equity value to persons and businesses, including but not limited to Plaintiff and the Class Members, who have sustained a loss in their property values as a result of this incident, as continued operation of the Pipeline poses an unreasonable risk of harm to any individual(s) located within a two mile radius of the Pipeline.

29.

There are many other potential effects from the Pipeline rupture, fire, and explosion that have not yet become known, and Plaintiffs reserve the right to amend this Class Action Complaint once additional information becomes available.

30.

**CLASS DEFINITION**

Plaintiffs bring this action on behalf of themselves and all others similarly situated, who are members of the following Class:

> All individuals who reside within, own property within, work in, derive income from, or use for recreation purposes, the real property located within a two mile radius of the L200 natural gas transmission pipeline owned and/or operated by Florida Gas Transmission Company, L.L.C., and who have sustained any legally cognizable loss and/or damage(s) as a result of the June 18, 2013, pipeline rupture, fire, and explosion which occurred near the town of Enon, Louisiana."

31.

Excluded from this Class are:

A.   The officers and directors of any of the Defendants;

B.   Any judge or judicial officer assigned to this matter and his or her immediate family; and

C.   Any legal representative, successor, or assign of any excluded persons or entities.

32.

## **CLASS ACTION ALLEGATIONS**

**A.**     **Numerosity of the Class:**

The proposed class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

33.

**B.**     **Predominance of Common Questions of Fact and Law:**

There is a well-defined community of interest and the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

  i.   Whether Florida Gas caused and/or contributed to the rupture, explosion and fire;

  ii.  Whether the actions of Florida Gas were negligent;

  iii. Whether the rupture, explosion, and fire have caused environmental or other damage; and

  iv.  The amount of damages Plaintiffs and the Class Members should receive in compensation.

34.

**C.**     **Typicality:**

Plaintiffs and the Class Members have suffered similar harm as a result of the acts and omissions of Defendant, Florida Gas.

35.

**D.**     **<u>Adequacy of Representation:</u>**

Plaintiff will fairly and adequately represent and protect the interests of the Members of the Class because Plaintiff's interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff does not have any claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex litigation, class actions, environmental litigation, and mass tort cases.

36.

**E.**     **<u>Superiority</u>**

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every class member could afford individual litigation, the court system should not have to bear such a burden. It would be unduly burdensome to this Court in which individual litigation of these hundreds of cases will proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendant's conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

37.

The various claims asserted in this action are also certifiable under Rules 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

A. The prosecution of separate actions by hundreds of individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, thus entitling incompatible standards of conduct for defendants;

B. The prosecution of separate actions by individual Class Members would also create the risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudication and would substantially impair or impede their ability to protect their interests; and

C. The questions of law or fact common to the members of the class predominate over any questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.

## CLAIMS FOR RELIEF

## COUNT I. NEGLIGENCE

Plaintiff, Janie Thigpen, Individually and on behalf of all those similarly situated, repeats, reiterates, and re-alleges each and every allegation set forth hereinabove as if pled in extenso.

39.

The sole and proximate cause of the incident forming the basis of this suit and the injuries and damages sustained by Plaintiff, Janie Thigpen, and the members of the class, as a result thereof,

was the gross and wanton negligence, carelessness and recklessness of Defendant, Florida Gas Transmission Company, L.L.C., in the following non-exclusive particulars, to-wit:

a. Failing to properly operate the Pipeline;

b. Operating the Pipeline in such a manner that a rupture, fire and explosion occurred;

c. Failing to properly inspect the Pipeline to ensure that it was fit for its intended purpose;

d. Acting in a careless and/or negligent manner without due regard for the safety of others;

e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Pipeline which, if Defendant had so promulgated, implemented and enforced, would have prevented the rupture, explosion and fire;

f. Operating the Pipeline in an unsafe manner by employing untrained and/or unlicensed personnel to operate the Pipeline;

g. Inadequate training and/or hiring of personnel;

h. Failing to take appropriate action to avoid and/or mitigate the incident;

i. Negligent implementation of policies and procedures to safely conduct natural gas transmission operations designed to prevent the type of incident detailed herein;

j. Employing untrained and/or poorly trained employees and/or failing to properly train their employees;

k. Failing to ascertain that the Pipeline and its equipment were free from defects and/or were in proper working order;

l. Failing to timely warn;

m. Failure to timely bring the natural gas release under control;

n. Failure to keep appropriate accident prevention and response equipment on hand so as to quickly respond to the type of incident detailed herein;

o. Failure to observe and read gauges that would have indicated excessive pressures in the Pipeline;

p.  Failure to react to danger signs and/or signals;

q.  Failing to properly inspect and test the Pipeline to ensure its fitness for use and its structural integrity, as proper inspection and testing of the Pipeline would have revealed that corrosion on the interior and exterior walls of the Pipeline which presented an unreasonable risk of harm during natural gas transmission operations;

r.  Failing to timely inspect and test the Pipeline to ensure its fitness for use and its structural integrity, as timely inspection and testing of the Pipeline would have revealed that corrosion on the interior and exterior walls of the Pipeline which presented an unreasonable risk of harm during natural gas transmission operations;

s.  Failing to take remedial and/or corrective action to repair the Pipeline while having actual knowledge of the unreasonably dangerous condition presented by the corrosion on the interior and exterior walls of the Pipeline;

t.  Operating a Pipeline that was unreasonably dangerous under the circumstances;

u.  Continuing natural gas transmission operations while having actual knowledge of the rupture that occurred on a different segment of the same Pipeline, namely the rupture that occurred on February 13, 2012, near the Zachary Compressor Station, under similar operating pressures;

v.  Acting in a manner that justifies imposition of punitive damages;

w.  Failing to adequately inform the various federal, state, and local agencies that responded to the incident of the magnitude of the potential danger posed by the Pipeline before the explosion and fire were brought under control;

x.  Failing to implement and employ an adequate set of procedures for the evacuation of individuals when a rupture occurs and hazardous material(s), including but not limited to natural gas, is released into the atmosphere and environment;

y.  Failing to bring the fire under control in a reasonably timely fashion under the circumstances; and

z.  All other acts and/or omissions that will be proven at the trial of this matter, all of which acts and omissions are in violation of the laws of the United States of America and/or the State of Louisiana.

40.

The rupture, explosion, and fire, and resulting damages were caused by defective equipment, including but not limited to the Pipeline, gauges, testing equipment, and inspection equipment, which were in the care, custody, and control of Defendant, Florida Gas, and over which Defendant had *garde*. Florida Gas knew or should have known of these defects and Florida Gas is therefore liable for all damages sustained by Plaintiff, Janie Thigpen, and the Class Members, as alleged herein.

41.

The injuries and damages to Plaintiffs and the Class Members were also caused and/or aggravated by the fact that Defendant, Florida Gas, failed to take necessary actions to mitigate the danger associated with their operations.

42.

**COUNT II. PRODUCTS LIABILITY**

Plaintiff, Janie Thigpen, Individually and on behalf of all those similarly situated, repeats, reiterates, and re-alleges each and every allegation set forth hereinabove as if pled in extenso.

43.

Upon information and belief, the Pipeline ruptured because it failed to operate as intended. Specifically, the Pipeline was unfit for its intended use, and was unreasonably dangerous in its design, manufacture and construction. The Pipeline was defective because it failed to operate as intended. As such, Florida Gas is liable to Plaintiffs and the Class Members pursuant to the Louisiana Products Liability Act in addition to being liable for its negligence.

44.

## COUNT III. RES IPSA LOQUITUR

Plaintiff, Janie Thigpen, Individually and on behalf of all those similarly situated, repeats, reiterates, and re-alleges each and every allegation set forth hereinabove as if pled in extenso.

45.

Plaintiff, Janie Thigpen, and the Members of the Class, expressly plead the doctrine of *res ipsa loquitur* in connection with all claims set forth herein, as the injuries and damages sustained by Plaintiff and the Class Members would not have occurred but for the acts and/or omissions of Defendant, Florida Gas Transmission Company, L.L.C.

46.

Plaintiffs and the Class Members are entitled to a judgment holding the Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiffs and the Class Members adequate compensation therefore in an amount determined by the trier of fact.

47.

## COUNT IV. VICARIOUS LIABILITY

Plaintiff, Janie Thigpen, Individually and on behalf of all those similarly situated, repeats, reiterates, and re-alleges each and every allegation set forth hereinabove as if pled in extenso.

48.

The acts and/or omissions of Defendant, Florida Gas, and/or its employees, and/or representatives and/or agents have caused Plaintiff, Janie Thigpen and the Class Members to sustain injuries and damages.

49.

Defendant, Florida Gas, is vicariously liable for the acts and omissions of its employees, representatives and/or licensed dealer and thus, the law of vicarious liability is applied herein as if set forth in extenso.

50.

Defendant, Florida Gas, is therefore liable jointly, severally and in solido unto Plaintiff, Janie Thigpen, and the Class Members, for the damages and losses sustained as a result of the incident complained of herein, which are itemized and non-exclusively set out hereafter.

51.

**DAMAGES**

Plaintiff, Janie Thigpen, Individually and on behalf of all others similarly situated, itemizes her damages in the following non-exclusive particulars:

a.) Past, present and future physical pain and suffering;

b.) Past, present and future mental anguish;

c.) Past, present and future medical expenses;

d.) Loss of earnings and/or earning capacity;

e.) Property damage, loss of use and inconvenience;

f.) Diminution in property value;

g.) Attorney's fees and costs;

h.) All other damages which shall be proven at the trial of this matter;

52.

Plaintiff, Janie Thigpen, Individually and on behalf of all others similarly situated, avers that

the acts and/or omissions complained of herein warrants an award of punitive damages against Defendant, Florida Gas.

53.

Plaintiff, Janie Thigpen, and the Members of the Class, are therefore entitled to damages for the items set forth above in such amounts as are fair and reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including penalties and attorney's fees.

54.

Inasmuch as the allegations contained in the foregoing paragraphs are inconsistent, they are deemed to have been pled in the alternative;

55.

Plaintiff, Janie Thigpen, and the Class Members demand and are entitled to a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Janie Thigpen, Individually and on behalf of all others similarly situated (The Class Members), respectfully pray:

a. That Defendant, Florida Gas Transmission Company, L.L.C., be served with a copy of this Class Action Complaint, through its registered agent for service of process, Corporation Service Company, 320 Somerlouse Street, Baton Rouge, Louisiana 70802, and be duly cited to appear and answer same according to law;

b. An order certifying the class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as Class representatives; and appointing undersigned counsel as counsel for the Class;

c. That after the lapse of all legal delays and proceedings had, there be judgment entered herein in favor of Plaintiff, Janie Thigpen and the Class Members, and against

|   |   |
|---|---|
|   | Defendants, Florida Gas Transmission Company, L.L.C., and XYZ Insurance Company, jointly, severally and *in solido* in an amount fair and reasonable under the premises of this matter; |
| d. | Punitive damages; |
| e. | Pre-judgment and post-judgment interest at the maximum rate allowable by law on all amounts awarded; |
| e. | Attorney's fees and costs of this litigation; |
| f. | A trial by jury as to all Defendants named or to be named at a later date, on all causes of action asserted herein; and |
| g. | For all necessary orders and decrees as may be required or are proper in the premises and for full general and equitable relief amenable under the circumstances. |

Respectfully Submitted,

  [s/] Jonathan C. Pedersen
D. DOUGLAS HOWARD, JR. (No. 7021)(T.A.)
ddhowardjr@bellsouth.net
SHAWN C. REED (No. 14304)(T.A.)
sreed@howardandreed.com
JONATHAN C. PEDERSEN (No. 32290)(T.A.)
jcpedersen@howardandreed.com
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone (504) 581-3610
Facsimile  (504) 581-7509

— AND —

WILLIAM H. ARATA (#23431)(T.A.)
Aratalaw@bellsouth.net
216 Austin Street
Bogalusa, LA  70427
Telephone: (985) 735-1368

**ATTORNEYS FOR PLAINTIFF,
JANIE THIGPEN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**