UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANIE THIGPEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * * | CASE NO.:  2:14-cv-01415 SECTION:  J |
| VERSUS | * * | DIVISION:  1 |
| FLORIDA GAS TRANSMISSION COMPANY, L.L.C. AND XYZ INSURANCE COMPANY | * * | JURY TRIAL |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PUNITIVE DAMAGES CLAIM**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Janie Thigpen, individually and on behalf of all others similarly situated, who respectfully submits this opposition to the Defendant, Florida Gas Transmission Company's FRCP 12(b)(6) Motion to Dismiss Punitive Damages Claim, and provides the following, to wit:

**I.     Facts**

On June 18, 2013, at approximately 5:25 a.m. CST, "Line 200," a 30-inch diameter section of natural gas transmission pipeline owned, operated and maintained by Defendant, Florida Gas Transmission Company, L.L.C., (hereinafter "Florida Gas") ruptured and exploded near Enon, Louisiana. Rec. Doc. 1 at ¶1. Following the explosion, flames engulfed the area surrounding the site of the rupture and explosion and, quite literally, scorched the earth. *Id.* As a direct result of this rupture, explosion and fire, Plaintiff and the putative Class Members sustained damage to their homes, property, bodily injuries, diminution of their property values, and other damages. *Id.*

The section of the pipeline at issue in this case is known as "Line 200" and covers a vast area of land stretching across south Louisiana to Brooker, Florida. Specifically, the "Line 200" pipeline

is a loop line[1] that originates at the Buller Compressor Station in western Louisiana and runs to the Zachary Compressor Station in Zachary, Louisiana at MP 559.3. *Id* at ¶8. A 30-inch diameter section of the gas pipe line starts west of the Zachary Compressor Station running approximately 548 miles to Brooker, Florida. *Id.*

Portions of the 30-inch diameter section of Line 200 run through populated and environmentally sensitive areas, as well as passing under state and local highways in Louisiana, Mississippi, Alabama and Florida. *Id.* Notably, it was a 30 inch in diameter section of this pipeline that was buried approximately six feet underground prior to the catastrophic rupture that forms the basis of this suit. *Id* at 10.

## II. LAW AND ARGUMENT

### A. A Rule 12(b)(6) motion to dismiss merely tests the sufficiency of the complaint.

In general, "[m]otions to dismiss are viewed with disfavor" and "are rarely granted." *Winslow v. W.L. Gore & Assoc, Inc.,* 2011 WL 866184, *1 (W.D. La. 2011) (citing *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228 (5th Cir. 2009)); *see also Lowery v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997). The purpose of a Rule 12(b)(6) motion is "to test the sufficiency of the complaint, not to decide the merits of the case." *First National Bank of Louisville v. Lustig,* 809 F. Supp. 444, 446 (E.D. La. 1992). In fact, "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true." *Bertaut v. Folger Coffee Co.*, 2006 WL 2513175, *1 (E.D. La. 2006) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

---

[1] Looping, as referenced in the transmission of natural gas, is when one pipeline is laid parallel to another and is often used as a way to increase capacity along a right-of-way beyond what is possible on one line, or an expansion of an existing pipeline(s). These lines are connected to move a larger flow along a single segment of the pipeline system. Looping often serves as essentially a storage device, where natural gas can be line-packed as a way to increase deliveries to local customers during certain peak periods.

According to the United States Supreme Court, "[a] complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). To state a plausible claim for relief, a complaint must make "a showing, rather than a blanket assertion, of entitlement to relief." *Bell AtlanticCorp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). A plaintiff satisfies this requirement by making either "direct allegations on every material point necessary to sustain a recovery" or "allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Southwest Louisiana HealthCare System v. MBIA Ins. Corp.*, 2007 WL 979933, *2 (W.D. La. 2007) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). In this case, Plaintiffs' Complaint has unequivocally satisfied this standard; as such, their Complaint aptly survives defendants' motion to dismiss. Plaintiffs' have pled with particularity and specificity allegations with regard to the appropriateness of punitive damages for the acts and omissions which form the basis of this lawsuit against Defendant, Florida Gas.

### B. Plaintiffs specifically allege that Line 200 crosses state lines.

Defendant's motion is based on its assumption that Mississippi state law, Alabama state law, or Florida state law can not be applicable, and that only substantive Louisiana law governs in this case, thereby foreclosing punitive damages as a remedy. In other words, Defendant simply assumes that Louisiana law must inevitably apply because the pipeline rupture and explosion occurred in Louisiana. Defendant's contention completely ignores the factual allegations in Plaintiff's Complaint.

In their Complaint, Plaintiffs specifically allege that Line 200, the pipeline at issue, originates at the Buller Compressor Station in western Louisiana and runs approximately 548 miles before terminating in Brooker, Florida. Rec. Doc. 1 at ¶8. This path necessarily requires that

segments of the L200 pipeline run through the States of Louisiana, Mississippi, Alabama, and Florida. Additionally, Plaintiffs' complaint alleges that portions of the 30-inch diameter section of Line 200 run through populated areas, environmentally sensitive areas, and cross state and local highways. *Id.*

Moreover, in the Complaint, Plaintiffs allege that the proposed Class should consist of:

> **All individuals** who reside within, own property within, work in, derive income from, or use for recreation purposes, the real property located **within a two mile radius of the L200 natural gas transmission pipeline owned and/or operated by Florida Gas Transmission Company, L.L.C.,** and who have sustained any legally cognizable loss and/or damage(s) as a result of the June 18, 2013, pipeline rupture, fire, and explosion which occurred near the town of Enon, Louisiana. *Id* at ¶30. (Emphasis added).

Plaintiffs proposed Class definition specifically includes all persons who own, reside, derive income from, or use for recreational purposes the land situated within a two mile radius of Line 200. *Id.* As such, potential class members include those persons who own, reside, derive income from, or use for recreational purposes the land situated within a two mile radius of Line 200 within the States of Louisiana, Mississippi, Alabama, and Florida. Therefore, in this case, potential Class Members necessarily include not only domiciliaries of Louisiana, but also individuals who are domiciled in Mississippi, Alabama, and Florida, and all three of those States allow an award of punitive damages.

### 1.  Mississippi State law provides for an award of punitive damages.

Punitive damages are expressly provided for by Mississippi law. Specifically, pursuant to Mississippi Code § 11-1-65, punitive damages may be awarded when a claimant proves "that the defendant acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65 (2014).

In this case, Plaintiffs specifically allege that "[t]he sole and proximate cause of the incident forming the basis of this suit and the injuries and damages sustained by Plaintiff, Janie Thigpen, and the members of the class, as a result thereof, was the gross and wanton negligence, carelessness and recklessness of Defendant, Florida Gas Transmission Company, L.L.C." Rec. Doc. 1 at ¶38. Plaintiffs further expound upon that allegation by citing twenty-four specific allegations of negligence and by reserving their right to present evidence at the trial of this matter to prove the occurrence of negligent acts that are not specifically alleged in the Complaint. *Id.* As such, because Mississippi law allows punitive damages awards and Plaintiffs have alleged specific acts of negligent conduct that may trigger an award of punitive damages under Mississippi law; Plaintiffs Complaint states a plausible claim for relief and survives Defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### 2. Alabama State law provides for an award of punitive damages.

Punitive damages are expressly provided for by Alabama law. Specifically, under Alabama law, punitive damages may be awarded in a tort action when the plaintiff proves "that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Ala. Code Ann. § 6-11-20(a) (2014). Wantonness, as defined in the statute, is "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code Ann. § 6-11-20(b)(3) (2014).

In the Complaint, Plaintiff, Janie Thigpen, specifically alleges that her damages and the damages of the proposed Class Members were caused by "the gross and wanton negligence, carelessness and recklessness of Defendant, Florida Gas Transmission Company, L.L.C." Rec. Doc. 1 at ¶38. Therefore, because members of the proposed Class are domiciled in Alabama, where

punitive damages are expressly provided for, and because Plaintiffs Complaint contains allegations that fit squarely within the circumstances described by Ala. Code Ann. § 6-11-20, this Honorable Court may find that Alabama law is applicable to this case and Defendant's Motion should be denied.

### 3. Florida State law provides for an award of punitive damages.

Punitive damages are expressly provided for by Florida law. Specifically, in Florida, a Plaintiff who proves his entitlement to punitive damages by clear and convincing evidence is entitled to such an award. Florida Statutes 768.725 (2014). Here again, when the allegations of negligence stated in Plaintiffs Complaint are assumed to be true, and Plaintiffs allegations of negligence are assumed to be true, i.e., that Plaintiffs' damages were caused by the gross and wanton negligence, carelessness and recklessness of Defendant, Florida Gas, Plaintiff, Janie Thigpen and the Class Members would be entitled to an award of punitive damages under Florida law. Rec. Doc. 1 at ¶38.

Punitive damages are specifically provided for under the laws of Mississippi, Alabama, and Florida, and Plaintiffs Complaint contains specific allegations of negligence that, when assumed to be true, specifically provide for an award of punitive damages to Plaintiff and the Class Members, and, as such, Defendant's Motion should be denied.

### 4. A determination of conflicts of law issue is premature.

It is well settled that Louisiana conflicts law must be applied to determine which state's substantive law governs the availability of punitive damages. *Evans vs. TIN, Inc.,* 2012 U.S. Dist. LEXIS 59636 at *25 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). In its Motion, Defendant cites only one (La. C.C. Art. 3546) of several provisions in the Louisiana Civil Code that are required to be considered in an analysis of punitive damages under

the law of Mississippi, Alabama, and Florida. The conflict of laws analysis is a factual inquiry made by the trial court at trial on the merits or at the very earliest, after the completion of all discovery. *See Arabie v. Citgo Petroleum Corp.*, No. 2010-C-2605 (La. 3/13/12).

In this case, absolutely no discovery has been conducted which makes it virtually impossible for this Honorable Court to conduct a thorough analysis of the conflict of laws issues. As such, at this stage of these proceedings, a granting of Defendant's Motion to Dismiss Plaintiffs' Claim for Punitive Damages is premature and the Motion should be denied.

### 5. **Alternatively, Plaintiffs Should be Allowed to Amend the Complaint**

In the event this Honorable Court determines that the factual allegations contained in Plaintiffs' Complaint fail to satisfy the pleading requirements necessary to state a cause of action pursuant to Mississippi, Alabama, or Florida law as to Punitive Damages, Plaintiffs respectfully request that they be allowed leave of Court to amend their Complaint prior to dismissal of those claims. This Honorable Court in *Bitte v. United Companies Lending Corp.*, held that a complaint must provide enough background information for the defendants to understand how and why a Plaintiff believes they were wronged by defendant. *Bitte v. United Companies Lending Corp.*, 06-CV-5648, 2006 U.S. Dist. LEXIS 983595 (E.D. La. 2006). While the complaint at issue clearly sets forth facts and issues that inform defendants of Plaintiffs' theory of recovery regarding punitive damages, Plaintiffs should be allowed to file a supplemental and amending complaint rather than allowing dismissal of the punitive damage claim under FRCP 12(b)(6).

### III. **Conclusion**

As is stated hereinabove, Plaintiffs Complaint satisfactorily sets forth a cause of action for punitive damages pursuant to the state laws of Mississippi, Alabama, and Florida, and when the

allegations contained in the Complaint are liberally construed and viewed in the light most favorable to Plaintiffs, an award of punitive damages would be appropriately awarded in this case. Additionally, because no discovery has been conducted, a thorough analysis of the conflict of laws issues can not be conducted by this Honorable Court, rendering a determination of the punitive damages issue premature. Therefore, Defendant's Motion to Dismiss Plaintiffs' Claim for Punitive Damages should be denied, or, alternatively, Plaintiffs should be granted leave to amend their Complaint in order to cure any deficiencies and Defendant should be allowed to re-urge its Motion at a later date.

    Respectfully Submitted,

      [s/] Jonathan C. Pedersen
    D. DOUGLAS HOWARD, JR. (No. 7021)(T.A.)
    ddhowardjr@bellsouth.net
    SHAWN C. REED (No. 14304)(T.A.)
    sreed@howardandreed.com
    JONATHAN C. PEDERSEN (No. 32290)(T.A.)
    jcpedersen@howardandreed.com
    KYLE DelHIERRO (No. 21557)
    kdelhierro@howardandreed.com
    839 St. Charles Avenue, Suite 306
    New Orleans, Louisiana 70130
    Telephone (504) 581-3610
    Facsimile  (504) 581-7509

        — AND —

    WILLIAM H. ARATA (#23431)(T.A.)
    Aratalaw@bellsouth.net
    216 Austin Street
    Bogalusa, Louisiana 70427
    Telephone: (985) 735-1368

    **ATTORNEYS FOR PLAINTIFF,**
    **JANIE THIGPEN, INDIVIDUALLY AND**
    **ON BEHALF OF ALL OTHERS**
    **SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

  Undersigned counsel hereby certifies that on the   28th    day of   October  , 2014, he electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties hereto or that a copy of the foregoing pleading has been served on all counsel of record to this proceeding via hand delivery, telephonic facsimile transmission or by placing a copy in the United States Mail, first class postage prepaid and properly addressed.

           [/s/] Jonathan C. Pedersen
      JONATHAN C. PEDERSEN