UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THIGPEN | CIVIL ACTION |
| VERSUS | NO: 14-1415 |
| FLORIDA GAS TRANSMISSION COMPANY, L.L.C. ET AL. | SECTION: "J"(1) |

### ORDER AND REASONS

Before the Court is Defendant Florida Gas Transmission Company, L.L.C. (Florida Gas)'s **Motion to Dismiss Punitive Damages Claim (Rec. Doc. 7)** and an opposition filed by Plaintiff Janie Thigpen, individually and on behalf of all others similarly situated. (Rec. Doc. 12) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation derives from a natural gas ignition that occurred on June 18, 2013, in Enon, Louisiana. (Rec. Doc. 7-1) Plaintiff alleges that Florida Gas owns, operates, and maintains the "Line 200" natural gas transmission pipeline, which runs from western Louisiana to Brooker, Florida. (Rec. Doc. 1, p. 3) Plaintiff further alleges that a 30-inch diameter section of the

1

"Line 200" pipeline ruptured and exploded on her property. Id. at 4-5. The resulting fire damaged her home and nearby timberlands and forests. Id.

Plaintiff filed a Class Action Complaint in this Court on June 18, 2014. Id. She defined the class as "[a]ll individuals who reside within, own property within, work in, derive income from, or use for recreation purposes, the real property located within a two mile radius of the L200 natural gas pipeline owned [by Florida Gas] and who have sustained any legally cognizable loss" because of the rupture. Id. at 8. In the complaint, Plaintiff alleged counts of negligence, products liability, res ipsa loquitur, and vicarious liability. Id. at 11-16. She brought the suit against Florida Gas and the "XYZ INSURANCE COMPANY," a fictitious insurance company representing Florida Gas' liability insurance provider. Id. at 2-3.

Defendant Florida Gas filed the instant *Motion to Dismiss Punitive Damages Claim* **(Rec. Doc. 7)** on August 25, 2014. Plaintiff opposed the motion on October 28, 2014. (Rec. Doc. 12)

## PARTIES' ARGUMENTS

Florida Gas argues that Plaintiff has failed to state a claim for punitive damages, and therefore, the Court should dismiss Plaintiff's punitive damages claim. Florida Gas stresses

2

that Louisiana law applies. (Rec. Doc. 7-1, pp. 2-3) Under Louisiana law, punitive damages are available only where expressly authorized by statute. Id. at 2. Louisiana Civil Code article 2315 et seq. governs Plaintiff's negligence claim. Id. at 3. Louisiana Revised Statute 9:2800.51 et seq., the Louisiana Products Liability Act, governs Plaintiff's products liability claims. Id. Because neither of these statutes authorize the Court to grant a punitive damages award, Plaintiff has not and cannot state a claim for punitive damages. Id. In fact, Louisiana law authorizes punitive damages in relation to only three acts: child pornography, driving while intoxicated, and criminal sexual activity during childhood. Id. (citing LA. CIV. CODE. ANN. arts. 2315.3, 2315.4, 2315.7). Clearly this case presents none of those circumstances. Finally, Louisiana's conflict of laws statutes would not permit an award of punitive damages based on the laws of another state because both the injurious conduct and the resulting injuries occurred in Louisiana. Id. (citing LA. CIV. CODE. ANN. art. 3546).

    Plaintiff counters that it is too early to say what law applies here. (Rec. Doc. 12, pp. 3-4) Plaintiff explains that her complaint brings class claims and members of the putative class live in Mississippi, Alabama, and Florida, as well as Louisiana.

Id. Plaintiff stresses that punitive damages are available under the laws of Mississippi, Alabama, and Florida under circumstances such as those presented in this case. Id. at 4-6. Plaintiff disputes Florida Gas' contention that Louisiana's conflicts laws would necessarily foreclose an award of punitive damages based on another state's substantive law. Id. at 6-7. Plaintiff further argues that if the Court determines that her complaint fails to state a claim for punitive damages under the laws of Mississippi, Alabama, or Florida, the Court should permit her to amend her complaint. Id. at 7.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232–33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir.1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. Id. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be dismissed. Jones v. Bock, 549 U.S. 199, 215 (2007); Twombly, 550 U.S. at 555; Carbe v. Lappin, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

**DISCUSSION**

To determine which state's substantive law governs the availability of punitive damages here, the Court must apply

Louisiana's conflicts laws. Evans v. TIN, Inc., No. 11-2067, 2012 WL 1499225, at *5 (E.D. La. Apr. 27, 2012)(Africk, J.)(citing Erie R.R. v. Tompkins, 304 U.S. 64, 78-79 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Pursuant to Louisiana Civil Code article 3546, a Louisiana court may award punitive damages if "authorized under the law of the state or states with two or more of the following contacts: (a) place of the injurious contact; (b) place of the resulting injury; and (c) place of the defendant's domicile." Id. (citing Arabie v. Citgo Petroleum Corp., 2010-2605, p. 18 (La. 3/13/12); 89 So. 3d 307, 327 (Knoll, J.)(concurring in part and dissenting in part)).

As no class has been certified, the Court considers Florida Gas' motion with respect to Plaintiff Janie Thigpen.[1] Because Florida Gas raises the issue of the availability of punitive damages in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff." Id. Here, Thigpen's complaint reveals that both the behavior allegedly causing Thigpen's damages and Thigpen's damages themselves occurred in

---

[1] Moreover, when the injury is alleged to have occurred in more than one state, the Court will handle each claimant independently. See Evans, 2012 WL 1499225, at *7-8 (quoting LA. CIV. CODE ANN. art. 3546 cmt(e)).

Louisiana. Louisiana law therefore governs Thipen's claim for punitive damages. However, as Florida Gas explained, Thigpen cannot state a claim for punitive damages under Louisiana law because no statute authorizes their imposition in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss Punitive Damages Claim* **(Rec. Doc. 7)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply Memorandum* **(Rec. Doc. 15)** is **DENIED** as moot.

New Orleans, Louisiana, this 19th day of November, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE