```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


THIGPEN                                    CIVIL ACTION

VERSUS                                     NO: 14-1415

FLORIDA GAS TRANSMISSION                   SECTION: "J" (1)
COMPANY, L.L.C. ET AL.
```

## ORDER & REASONS

Before the Court is Defendant Florida Gas Transmission Company, L.L.C. (Florida Gas)'s *Motion to Strike Class Allegations* **(Rec. Doc. 19)**, which is unopposed. Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a natural gas ignition that occurred on June 18, 2013, in Enon, Louisiana. (Rec. Doc. 7-1) Plaintiff alleges that Florida Gas owns, operates, and maintains the "Line 200" natural gas transmission pipeline, which runs from western Louisiana to Brooker, Florida. (Rec. Doc. 1, p. 3) Plaintiff further alleges that a 30-inch diameter section of the "Line 200" pipeline ruptured and exploded on her property. Id. at 4-5. The resulting fire damaged her home and nearby timberlands and forests. Id.

On June 18, 2014, Thigpen filed suit against Florida Gas and "XYZ INSURANCE COMPANY," a fictitious insurance company representing Florida Gas' liability insurance provider, individually and on behalf of all others similarly situated. Id. at 2-3. Thigpen's complaint includes class allegations that seek to represent a "putative class" that is composed of,

> all individuals who reside within, own property within, work in, derive income from, or use for recreation purposes, the real property located within a two mile radius of the L200 natural gas transmission pipeline owned and/or operated by Florida Gas Transmission Company, L.L.C., and who have sustained any legally cognizable loss and/or damage(s) as a result of the June 18, 2013, pipeline rupture, fire, and explosion which occurred near the town of Enon, Louisiana.

(Rec. Doc. 1, p. 8) Thigpen has alleged counts of negligence, products liability, res ipsa loquitor, and vicarious liability. (Rec. Doc. 1, p. 12) Thigpen's complaint seeks damages, punitive damages, and all costs and attorneys' fees associated with these proceedings. (Rec. Doc. 1, p. 16-7) On Florida Gas's motion, this Court dismissed Thigpen's claims for punitive damages on November 19, 2014. (Rec. Docs. 7, 16)

The instant motion seeks to strike those portions of the complaint that refer to class certification or any other references that purport to set out a claim for anyone other than

Thigpen, limiting her claims to those asserted in her individual capacity.[1] (Rec. Doc. 19)

## PARTIES' ARGUMENTS

Defendant Florida Gas argues that this Court should strike any portion of the pleadings referring to class certification, because Plaintiff has failed to timely move for class certification within the time period established by Local Rule 23.1(B). Florida Gas asserts that Plaintiff's opportunity to move for class certification expired on September 19, 2014, or 91 days after filing the complaint. Plaintiff filed the Class Action Complaint on June 18, 2014, and Local Rule 23.1(B) dictates that a party who wishes to pursue a class action must move for class certification within 91 days of filing the complaint. Florida Gas emphasizes that seven months have passed since Plaintiff has filed her Class Action Complaint, and this district has consistently applied Local Rule 23.1(B) in situations where plaintiffs have failed to move for certification over a period of many months past the deadline. Florida Gas asserts that the proper remedy for such failure to timely move for class certification is striking class allegations. Florida Gas asserts that the only way for

---

[1] Specifically, Florida Gas seeks to strike from the Class Action Complaint "¶1, ¶¶ 30-37, those portions of the Prayer for Relief which refer to class certification, and any references contained in any other paragraph that purports to set for a claim on behalf of anyone other than Janie Thigpen, and limiting plaintiff's claims in this matter to those asserted in her individual capacity." (Rec. Doc. 19, p. 1)

3

Plaintiff's class allegations to survive is a showing of good cause for the failure to file. However, Florida Gas urges the Court that there is no basis to find good cause for the seven month delay. Plaintiff has not opposed the motion.

**LEGAL STANDARD**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court must determine by order whether to certify an action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." FED. R. CIV. P. 23(c)(1)(A). Furthermore, the Eastern District of Louisiana has enacted Local Rule 23.1(B), which provides,

> Within 91 days after the filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, plaintiff must move for class certification under *FRCP 23(c)(1)*, unless this period is extended upon motion for good cause and order by the court.

If a Plaintiff fails to move for class certification within the 91-day period stipulated by Local Rule 23.1(B), absent a showing of good cause, courts will dismiss or strike class allegations. See Restreppo v. Al-Mona, Inc., No. 11-1422, 2012 WL 1941926, at *1-2 (E.D. La. May 29, 2012); McGuire v. Gulf Stream Coach, Inc., No. 06-5659, 2007 WL 1198935, at *1 (E.D. La. Apr. 20, 2007); Dickerson v. City of Gretna, No. 05-6667, 2007 WL 1098787, at *3-4 (E.D. La. Mar. 30, 2007); Lauer v. Chamale Cove, No. 06-1423, 2007 WL 203974, at *1 (E.D. La. Jan. 24,

4

2007); Williamson v. Swiss Reinsurance Am. Corp., No. 03-1089, 2003 WL 22326518, at *1 (E.D. La. Oct. 8, 2003); Stewart v. Project Consulting Servs., Inc., No. 99-3595, 2001 WL 1000732, at *2 (E.D. La. Aug. 29, 2001); Cook v. Illinois Central R.R. Co., No. 93-3967, 1995 WL 110621, at *1 (E.D. La. Mar. 13, 1995).

## DISCUSSION

When a plaintiff has missed the deadline to move for class certification by several months, this District has consistently recognized striking those class allegations or dismissing the class allegations as the proper remedy absent a showing of good cause for the delay. See, e.g., Restreppo, 2012 WL 1941926, at *1-2; McGuire, 2007 WL 1198935, at *1 (dismissing plaintiff's class allegations and denying plaintiff's motion for extension of time, which was filed seven months after class action suit was removed to the Eastern District of Louisiana); Lauer, 2007 WL 203974, at *1 (dismissing class allegations when plaintiffs did not file within 133 days of the denial of a motion to remand). Here, Thigpen has allowed approximately nine months to elapse since her June 2014 Class Action Complaint without filing the requisite motion for class certification. Moreover, Thigpen has declined to oppose Defendant's motion and, in so doing, has failed to show good cause for her oversight.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Strike Class Allegations* **(Rec. Doc. 19)** is **GRANTED**.

New Orleans, Louisiana this 23rd day of March, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE