UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, ET AL** | * | **CIVIL ACTION NO. 2:14-cv-01415** |
| | * | **c/w NO. 15-1749** |
| **VERSUS** | * | |
| | * | **SECTION: J** |
| **FLORIDA GAS TRANSMISSION** | * | |
| **COMPANY, LLC and XYZ INSURANCE** | * | **JUDGE: Carl Barbier** |
| **COMPANY STAR INSURANCE** | * | |
| **COMPANY** | * | **MAG. JUDGE: Sally Shushan** |
| * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This case involves two United States District Court, Eastern District of Louisiana cases that were recently consolidated, the *Thomas*[1] matter and the captioned *Thigpen*[2] matter, both of which allege claims against Florida Gas Transmission Company, LLC ("Florida Gas") for personal injury and property damage following an alleged natural gas ignition. However, the claims of the *Thomas* plaintiffs should be dismissed because they have prescribed on the face of the Complaint pursuant to Louisiana Civil Code Article 3492. Moreover, there has been no suspension of the prescriptive period to revive their prescribed claims, including any potential membership of the *Thomas* plaintiffs in the *Thigpen* matter while its class certification remained pending. The prescriptive period for the claims of the *Thomas* plaintiffs expired prior to their filing, no basis for suspension of the prescriptive period exists, and the *Thomas* claims should be

---

[1] *Brigitte Thomas v. Florida Gas Transmission Co.*, LLC, Docket No. 15-1749 of the United States District Court for the Eastern District of Louisiana (Rec. Doc. 1- *Thomas* Complaint)

[2] The captioned *Thigpen* matter. initially styled as a class action, was filed on June 18, 2014. On March 23, 2015, this Court struck all class allegations in the *Thigpen* matter. (Rec. Doc. 25)

dismissed, with prejudice.

## BACKGROUND

On June 18, 2013, a rupture of one of Florida Gas' pipelines occurred in Enon, Louisiana. Plaintiff, Janie Thigpen, a Louisiana resident, individually and on behalf of similarly situated plaintiffs, filed a class action suit against Florida Gas Transmission Company, LLC ("Florida Gas") for personal injury and property damages on June 18, 2014, the one year anniversary of the alleged incident. (Rec. Doc. 1 – *Thigpen* Class Action Complaint, ¶1.)  *Thigpen* asserted claims for negligence and products liability against Florida Gas related to damages that were allegedly sustained as a result of the rupture. (*Thigpen* Class Action Complaint, ¶¶38-50.)  On March 23, 2015, this Court struck all class allegations within the *Thigpen* matter, thereby limiting the potential claims in that case to those by the named representative, Janie Thigpen.  (Rec. Doc. 25- *Thigpen* Class Action)

Thereafter, Plaintiff, Brigitte Thomas, a Louisiana resident, and 31 others (collectively, the "*Thomas* Plaintiffs") also filed suit against Florida Gas for injuries and damages arising from the same June 18, 2013, natural gas ignition, asserting claims of the same basic nature against Florida Gas.   The *Thomas* plaintiffs filed suit on May 22, 2015, nearly two years after the alleged incident, and almost a year after the claims prescribed under Louisiana Civil Code Article 3492 (which establishes that delictual actions such as these are subject to a one-year liberative prescription). (Rec. Doc. 1 - *Thomas* Complaint  ¶1).

On May 27, 2015, this Court consolidated the separately-filed *Thomas* matter with the *Thigpen* matter upon determining that the matters were "related." (Rec. Doc. 5 – *Thigpen* Class Action). While the matters are indeed related, the independently-filed *Thomas* Complaint must

#614033

2

state viable causes of action against Florida Gas on behalf of each of the individual plaintiffs on its own, without regard to the prior class allegations in the *Thigpen* matter. Because the Thomas plaintiffs cannot show why their claims prescribed by operation of Civil Code article 3492, they have failed to state viable causes of action and should be dismissed with prejudice.

### LAW AND ARGUMENT

I.  **RULE 12(C) DISMISSAL IS PROPER WHEN A PRESCRIPTIVE PERIOD HAS EXPIRED**

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6). *Gentilello v. Rege*, 627 F. 3d 540, 543-44 (5th Cir. 2010). To survive a Rule 12 motion to dismiss or for judgment on the pleadings, "a complaint must contain sufficient actual matter, accepted as true, to state a claim to relief that is plausible on its face."... *Gonzalez v. Kay*, 577 F. 3d 600, 603 (5th Cir. 2009). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Federal Rules of Civil Procedure 12(c), dismissal is appropriate if, on the face of the Complaint, the allegations have prescribed and thus no cognizable action exists. *McGee v. State Farm Fire & Cas. Co.*, 515 Fed. Appx. 291 (5th Cir. 2004); *Williams v. State Farm Fire & Cas. Co.*, 2012 WL 1198810 (E.D. La. April 10, 2012).

II. **THE *THOMAS* PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROVING THAT PRESCRIPTION UNDER CIVIL CODE ARTICLE 3492 HAS NOT RUN**

It is well known that where a Federal claim based on diversity jurisdiction involves a state cause of action, state laws provide the rules of decision. *Vaught v. Denko*, 107 F. 3d 1137, 1145

(U.S. 5th Cir. 3/10/97); *Erie R.R. Co., v. Tompkins*, 304 U.S. 64 (1938).  The United States Supreme Court has further held that, for diversity actions, a Federal court should apply not only a state's statute of limitations (or prescriptive period) but also any accompanying tolling rules. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980).  Because both the pending *Thigpen* and *Thomas* matters assert strictly state law causes of action which are before the Court only due to its diversity jurisdiction, Louisiana's laws on prescriptive periods and suspension tolling statutes (Louisiana Civil Code Art. 3492 and Louisiana Code of Civil Procedure Art. 596) apply in determining whether the claims in the *Thomas* matter are prescribed.

      The burden of proving prescription rests with the moving party.  *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 62 So. 3d 721, 726 (La. 2011).  However, if a petition is prescribed on its face, then the burden shifts to the plaintiff to negate the presumption by establishing that prescription had been suspended or interrupted. *Id*.  Louisiana Civil Code Article 3492 sets forth that all "delictual actions are subject to a liberative prescription of one year" and "commences to run from the day injury or damage is sustained".  The *Thomas* Complaint, filed nearly a year after the June 18, 2014 expiration date, is prescribed on its face inasmuch as it sets forth delictual actions allegedly arising out of a June 18, 2013 pipeline rupture.

      The *Thomas* plaintiffs' claims have prescribed.  The *Thomas* plaintiffs allege that their injuries and/or property damage arise from the ignition of natural gas on June 18, 2013.  A timely Complaint based on that alleged incident could have been filed on or before June 18, 2014.  But, the *Thomas* plaintiffs waited nearly two years before ultimately filing their Complaint for Damages on May 22, 2015.  At no time did the *Thomas* plaintiffs join the *Thigpen* matter nor have they alleged that they were putative class members in that suit or any other class action suit

(even if they had done so, however, it would not make a difference to the outcome of this motion, as will be detailed below). Therefore, based on the face of the Complaint, the claims of the *Thomas* plaintiffs prescribed on June 18, 2014 as a matter of law.

### III. PLAINTIFFS CANNOT CARRY THEIR BURDEN BY ASSERTING THAT PRESCRIPTION WAS SUSPENDED.

It is anticipated that the *Thomas* plaintiffs will assert that prescription of their claims was suspended from the date that the *Thigpen* matter was filed on June 18, 2014, until after the appellate delays had run on this Court's Order striking the class allegations in *Thigpen* on May 23, 2015. However, neither federal tolling doctrine nor state law suspension of prescription is available to them under the circumstances of this case. Accordingly, such a defense to prescription must be rejected.

#### A. Federal Tolling Doctrine Does Not Apply

The reality that state statutes of limitation (or prescription) apply to state law claims pending in federal court on the basis of its diversity jurisdiction cannot be seriously questioned. The Supreme Court has held that state statutes of limitations and state tolling rules apply when a federal court, sitting in diversity, considers a purely state law claim. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980). As the Court noted in *Walker*, 446 U.S. at 753:

> There is simply no reason why, in the absence of a controlling federal rule,[3] an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

---

[3] "Federal rule" meaning "matters governed by the Federal Constitution or by Acts of Congress," in accordance with *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

In fact, this Honorable Court has recognized that, in a diversity action, a federal district court applies Louisiana law on prescription and the suspension of prescription. See, *e.g.*, *Chaverri v. Dole Food Co., Inc.*, 896 F. Supp. 2d 556, 567 and 572, fn. 38 (E.D. La. Sept. 17, 2012). To comply with the rule of *Walker*, the question that this Court must answer is whether, had they chosen to file their cumulated claims in Louisiana state court rather than in the Eastern District, the *Thomas* plaintiffs asserted their claims in a timely manner?

In framing the question in this manner, the Court is necessarily recognizing that the tolling doctrine established by *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and its progeny does not apply here. Although the *American Pipe* tolling rule is intended to preserve the policies underlying Federal Rule of Civil Procedure 23, neither Rule 23 nor any other federal rule expressly mandates tolling limitations periods. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1146 (5th Cir. 1997). As explained in *Vaught*, *American Pipe* tolling, properly understood, applies only to federal causes of action, irrespective of whether the federal cause of action explicitly describes a statute of limitations or whether the cause of action "borrows" a state limitation period. *Id.*, at 1144-45. In such cases, federal court still supplies the rules of decision, and, when appropriate, a federal court may disregard a state tolling rule in order to apply federal policy. *Id.*

In *Vaught*, the Fifth Circuit carefully considered the precise issue of whether a plaintiff who filed a state law claim against a product manufacturer after the state statute of limitations had run could rely upon federal class action tolling doctrine to avoid dismissal of her claim on timeliness grounds. *Id*. Vaught filed suit in state court on April 28, 1993 for injuries arising out of her use of a pharmaceutical product which she discovered the harmful effects of in April 1990.

*Id.,* at 1139-40.   The suit was removed to federal court based on diversity jurisdiction. *Id*. Vaught contended that the statute of limitations applicable to her claim was tolled by three pending class actions related to injuries resulting from the use of the drug until class certification was denied. *Id.*, at 1143.  Certification of the class actions, initially filed in 1989 and 1990, was denied in two of the actions in 1992, and the third action was dismissed in the same year. *Id.*  It was not disputed that, IF *American Pipe* tolling had been available, her individual case would have been timely filed. The relevant question was whether *American Pipe* tolling applied to her claim arising strictly under state law.

The Fifth Circuit, while noting the advantages of the federal class action policy established in *American Pipe* and its progeny, nonetheless disagreed with the plaintiff and dismissed her claims on timeliness grounds.  The court provide a thorough explanation of the importance of prohibiting a federal court tolling statute from limiting state prescription rules which run counter to federal policy:

> In any event, this Texas rule clearly conflicts with the well-established federal practice on class action tolling.  We conclude, however, that, for this case, the federal interest that practice does not trump the Texas tolling rule..... neither the federal constitution nor federal law would be displaced...[A] tolling rule is an "integral part" of a statute of limitations.  Therefore, Texas' interest in its tolling rule has quite considerable depth.  This is because its rule is a means of enforcing its statute of limitations, a matter of considerable importance to Texas, one reflecting a deliberate policy choice by its legislature. *Id*. At 1147 (citations omitted); *See also Newby v. Enron Corp.*, 542 F. 3d 463, 471-72 (relying upon *Vaught* to reject the application of *American Pipe* tolling of a conflicting state statute of limitation.)

Likewise, in this case, the state statutes on prescription reflect deliberate policy choices by the Louisiana legislature, which is a matter of considerable importance to Louisiana.  This Honorable Court is bound to apply the Louisiana rules on prescription, not equitable federal policy, in

deciding whether these otherwise late-filed claims should be considered timely. Accordingly, the rules established by *American Pipe* and its progeny have no application in this case.

### B. Louisiana Law Dictates That the Claims Are Prescribed

The claims of the *Thomas* plaintiffs are prescribed under Louisiana Civil Code Article 3492. In order for their claims to be saved, plaintiffs must negate prescription by proving suspension, interruption, or some other exception to prescription. *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir.2002). Florida Gas anticipates that plaintiffs will argue that prescription on their claims was suspended by operation of Louisiana Code of Civil Procedure Article 596 upon the filing of the *Thigpen* class action (even though its present Complaint is silent as to whether it is relying upon class action tolling for the late filing). Florida Gas agrees that Louisiana Code of Civil Procedure Article 596 embodies the Louisiana legislature's expression of its will relative to the suspension of prescription due to the pendency of a class action. Moreover, Florida Gas acknowledges that judges in the Eastern District of Louisiana have regularly looked to La. C.C.P. Art. 596 to determine whether prescription should be considered suspended during the pendency of a class action. See, *e.g.*, *Chaverri v. Dole Food Co., Inc.*, 896 F. Supp. 2d at 572, fn. 38; *Williams v. State Farm Fire & Cas. Co.*, Civ. Action No. 11-1737, 2012 WL 1198810 (E.D. La. April 10, 2012).

Article 596 of the Louisiana Code of Civil Procedure[4] is "a special provision that prevents

---

[4] Article 596 provides, in pertinent part:

Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
             \*\*\*
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the

prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the member's participation in the action is determined." *Taranto v. Louisiana Citizens Property Ins. Corp.*, 62 So.3d 721, 729 (La.2011). Traditionally, Article 596 was viewed by most courts, even the Louisiana Supreme Court as recently as 2011, as merely a codification of the class action tolling doctrine recognized in *American Pipe*. See, *e.g.*, *Taranto*, 62 So. 3d at 729. However, in late 2012, the Louisiana Supreme Court reexamined the legislative intent underpinning Article 596 and imposed a significant restriction upon its application, a restriction which is fatal to plaintiffs' claims in this case.

In *Quinn v. La. Citizen Prop. Ins. Corp.*, No. 12-0152 (La. 11/12/12), 118 So. 3d 1011, the Louisiana Supreme Court expressly held that "the plain language of La. C.C.P. art. 596 dictates that the suspension of prescription provided therein applies only to 'petition[s] brought on behalf of a class' **in the state courts of Louisiana**, rejecting the concept of "cross-jurisdictional tolling" in Louisiana. *Id.*, at 1020. In order to reach this conclusion, the Louisiana Supreme Court closely considered Federal Rule of Civil Procedure 23 in tandem with its Louisiana counterpart, Louisiana Code of Civil Procedure Article 591, *et seq*. Noting consequential differences between the federal and Louisiana rules with respect to certain forms of relief and notice requirements. Of particular concern to the Louisiana Supreme Court was the fact that prescription which had been suspended under Article 596 required notice to be published to resume the running of prescription, whereas Rule 23 did not provide for notice in the event of the denial of class certification (resulting in an indefinite suspension of prescription,

---

class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

a result clearly not intended by the legislature). *Id.*, at 1018-20.  According to the Louisiana Supreme Court:

> To interpret the article to provide for cross-jurisdictional tolling would not only subvert the purpose of prescriptive statutes, but would render much of the language of Article 596 meaningless when a class action is filed in a jurisdiction other than Louisiana. Our rules of statutory interpretation do not permit us to reach such a result.  The distinctions between Louisiana class action procedure and federal class action procedure reinforce our conviction that the legislature, in linking the suspension of La. C.C.P. art. 596 to unique provisions of Louisiana law, did not intend to adopt "cross jurisdictional tolling."
> *Id.*

The Louisiana Supreme Court ultimately reversed the lower courts and sustained the exception of prescription of the defendant, finding that the plaintiffs could not rely on a recently dismissed class action claim in the Eastern District of Louisiana to establish a suspension of prescription of their individual claims asserted in their later-filed suit. *Id.,* at 1022-23.  In arguing that prescription was suspended, the *Thomas* plaintiffs are asking this Court to do precisely what Quinn says cannot be done.  Thus, this Court, bound to apply Louisiana law on prescription, must find that the *Thigpen* class allegations did not suspend prescription in favor of the *Thomas* plaintiffs and that their claims have prescribed.

## **CONCLUSION**

Before this Court are purely state law claims by or on behalf of 31 individuals (*i.e.*, the *Thomas* plaintiffs) against Florida Gas.  Because the *Thomas* claims are solely based upon Louisiana state law, Louisiana rules of decision apply, including Louisiana's law on prescription and suspension. Thus, the face of the *Thomas* Complaint undisputedly demonstrates that it was filed outside of the one year prescriptive period for Louisiana delictual actions and has prescribed.

To the extent the *Thomas* plaintiffs argue that their claims remain viable because they were tolled or suspended, such an argument is contrary to the holdings of both the United States Court of Appeals, Fifth Circuit, and the Louisiana Supreme Court. Federal courts prohibit application of federal tolling statutes on purely state court claims (like *Thomas*). Likewise, the Louisiana Supreme Court prohibits cross-jurisdictional tolling of a state prescription period. The holdings of both the United States Court of Appeal, Fifth Circuit, and the Louisiana Supreme Court, therefore, lead to the inescapable conclusion that the strictly state law cause of action of the *Thomas* plaintiffs were not tolled or suspended by the class certification in the *Thigpen* matter and have prescribed as a matter of law.

Respectfully submitted:

PLAUCHÉ MASELLI PARKERSON L.L.P.

BY:       s/Lauren Dietzen
        G. BRUCE PARKERSON (#1118)
        JAMES K. ORDENEAUX (#28179) (T.A.)
        LAUREN B. DIETZEN (#31444)
        JESSICA S. SAVOIE (#33378)
        701 Poydras Street, Suite 3800
        New Orleans, LA 70139
        Telephone: (504) 582-1142
        Telefax: (504) 582-1172
        COUNSEL FOR FLORIDA GAS
        TRANSMISSION COMPANY, LLC

**CERTIFICATE OF SERVICE**

I, Lauren B. Dietzen, do hereby certify that on this 24th day of June, 2015, I have electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

D. Douglas Howard, Jr.
Shawn C. Reed
Jonathan C. Pedersen
Counsel for Plaintiffs
Howard and Reed
839 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 581-3610
Telefax: (504) 581-7509
Email: ddhowardjr@bellsouth.net, sreed@howardandreed.com,
   jcpedersen@howardandreed.com

William H. Arata
Counsel for Plaintiffs
216 Austin Street
Bogalusa, LA 70427
Telephone: (985) 735-1368

Email: aratalaw@bellsouth.net


                                     s/ Lauren B. Dietzen

#614033                              12