## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** * * * * | * | **CIVIL ACTION NO. 2:14-cv-01415** c/w NO. 15-1749 |
| **VERSUS** | * * | **SECTION: J** |
| **FLORIDA GAS TRANSMISSION COMPANY, LLC and XYZ INSURANCE COMPANY STAR INSURANCE COMPANY** | * * * * * * | **JUDGE: Carl Barbier** **MAG. JUDGE: Sally Shushan** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT</u>

**MAY IT PLEASE THE COURT**:

Florida Gas Transmission Company, LLC. ("FGT") opposes plaintiffs' Motion for Leave to File the First Supplemental and Amended Complaint (the "Amended Complaint") to the extent it attempts to upset or moot FGT's pending Motion to Dismiss the prescribed *Thomas* Original Complaint. The *Thomas* Original Complaint sets forth claims for damages based on certain Louisiana state laws that are separate and distinct from plaintiffs' claims for damages in the proposed Amended Complaint, including Federal law, Texas state law and continuing tort theory, and which has no effect on the prescribed claims. Therefore, FGT files this Opposition in order to obtain a judicial determination that the claims within the *Thomas* Original Complaint are prescribed prior to and irrespective of plaintiffs' pending Motion for Leave.

616407_1.WPD

**BACKGROUND**

In this recently consolidated matter[1], Florida Gas Transmission Company, LLC. ("FGT") filed a Rule 12(c) Motion to Dismiss the claims asserted in the *Thomas* Original Complaint as facially prescribed.  The *Thomas* Original Complaint was filed on **May 22, 2015** on behalf of 32 plaintiffs seeking damages for property damage, loss in property value, bodily injuries, toxic exposure and loss of use and convenience, arising out of a single event- a rupture of a Florida Gas pipeline on **June 18, 2013**, in Enon, Louisiana.  The suit alleged three theories of liability pursuant to Louisiana law against FGT including negligence, res ipsa loquitor and vicarious liability.  The Motion to Dismiss is scheduled for oral argument on July 29, 2015.

In response to the Motion to Dismiss, plaintiffs presumably will file an Opposition memorandum.  Prior to filing an Opposition, however, plaintiffs filed a Motion for Leave to file an Amended Complaint, which has a submission date of July 29, 2015.  It alleges additional theories of recovery including violations of Federal statutes, Texas state laws and continuing tort theory[2] in an attempt to revive the prescribed claims of the *Thomas* Original Complaint which arise solely from the June 18, 2013 incident.  However, the additional theories of liability alleged in the proposed Amended Complaint, if granted, are separate and distinct theories and therefore do not change the fact that the alleged Louisiana claims pled in the *Thomas* Original Complaint are prescribed and should be dismissed with prejudice.

---

[1] The Original Complaint of *Brigitte Thomas et al v. Florida Gas Transmission, L.L.C.*, was consolidated with the matter of *Thigpen et al v. Florida Gas Transmission Company, L.L.C.* on May 28, 2015.

[2] FGT specifically reserves the right to seek dismissal of plaintiffs' additional theories of liability pled in the proposed Amended Complaint, if leave is granted, based on failure to state any claim under Texas law or Federal law and also for continuing tort theory.  See *Hogg v. Chevron*, No. 09-2632 (La. 2010); 45 So. 3d 991 (holding that the presence of gas was not a continuing tort and failure to remediate the presence of gas did not suspend the running of prescription).

## LAW AND ARGUMENT

**I.     The Court's Consideration of Leave Pending a Fed. R. Civ. Proc. Rule 12 Motion to Dismiss is Discretionary**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires".  However, leave to amend "is by no means automatic." *Little v. Liquid Air Corp*. 952 F. 2d 841,845-6 (5th Cir. 1992).  The decision to allow a motion for leave to amend a complaint lies within the sole discretion of the Court.  *Little v. Liquid Air Corp*. 952 F. 2d at 845.  In deciding whether to grant leave to file an amended pleading, a district court may consider such factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.  Fed. Rules Civ. Proc. Rule 15(a).  Additionally, a Court may consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories".  *Hayden v. Westfield*, 586 Fed. App. 835 (3d Cir. 2014)  (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001).

 Motions for leave to amend complaints filed on the heels of the filing of a motion to dismiss a deficient complaint are not unusual occurrences and may be considered at the sole discretion of the Court.  In those instances, district courts typically dismiss the plaintiff's deficient complaint without prejudice and then provide the plaintiff at least one opportunity to amend her complaint. *Bausch v. Stryker Corp.*, 630 F. 3d 546 (7th Cir. 2010),citing *Foster v. DeLuca*, 545 F. 3d 582, 584 (7th Cir. 2008)(holding that plaintiff was entitled to leave of court to amend the complaint after dismissal was granted).  Alternatively, where a Court must consider a variety of theories of liability subject to Rule 12 Motions, it has the discretion to dismiss some

theories while allowing others to remain. *Brees v. Patten*, 2014 WL 3587333, *4-6 (E.D. La. 2014) (holding that where plaintiffs asserted a number of theories of liability arising from a single set of facts, tort claims were prescribed while contractual claims remained valid).

**II.     FGT's Motion to Dismiss the Prescribed *Thomas* Original Claim Should Be Granted Irrespective of and Prior to the Pending Motion for Leave to Avoid Undue Prejudice and Promote Judicial Economy.**

The Motion to Dismiss should be granted irrespective of the Amended Complaint because its allegations are separate and distinct such that additional theories in the Amended Complaint have no effect on the already prescribed Louisiana claims in the *Thomas* Original Complaint. In the *Thomas* Original Complaint, plaintiffs pled negligence, res ipsa loquitor and vicarious liability pursuant to Louisiana law and arising solely from the rupture of the gas line on June 18, 2013. In the proposed Amended Complaint, plaintiffs seek to allege violations of Federal laws and Texas laws arising from the June 18, 2013 incident, and also a continuing tort theory arising out of alleged negligence occurring after June 18, 2013. Each liability theory stands alone and is subject to its own prescriptive period and tolling statutes. No one theory can be relied upon to revive the prescribed claims of another. As such, this Court should grant dismissal of the Louisiana state claims arising out of the June 18, 2013 incident as pled in the *Thomas* Original Complaint [3] irrespective of plaintiffs' proposed additional theories.

Dismissal of the *Thomas* Original Complaint irrespective of the proposed Amended Complaint also avoids undue prejudice to FGT. In proposing the Amended Complaint to avoid dismissal of the prescribed *Thomas* Original Complaint, plaintiffs are effectively seeking an

---

[3]     FGT does not yet know whether an Opposition to its currently pending Motion to Dismiss will be filed or what the basis of that Opposition may be. Once the basis of that Opposition is considered, it may be that FGT views the proposed Amended Complaint as futile, and would argue as much in reply to the Opposition to Motion to Dismiss of plaintiffs.

amendment that requires FGT to defend itself against not only a variety of theories of liability seeking a variety of damages, but also under three separate bodies of law: Louisiana law, Texas law and Federal law. To that end, **plaintiffs have already requested depositions of 106 people**, with the intention of adding more, which they plan to depose over the course of **50 days.** These requests, of course, do not include the additional time, costs and expense attributed to preparation for the depositions, inspections, requests for production, or written discovery requests. The undue prejudice to FGT caused by plaintiffs in their attempt to avoid prescription is not only evident in the breadth of allegations proposed and the substantial discovery requested, but unjustifiable in light of the extent of facially prescribed claims and likelihood of other Rule 12 Motions. FGT contends that none of the depositions should go forward until (a) the Court decides whether there is a legally cognizable claim presented or (b) the Court determines which theories of liability can be heard and which cannot so that FGT does not have to expend substantial resources preparing for subjects of no ultimate relevance in these cases.

     A decision by this Court to dismiss the *Thomas* Original Complaint *prior to* any decision on leave to file the Amended Complaint promotes judicial economy in this matter. Although the order by which this Court may consider the pending motions is discretionary, it is judicially efficient to dismiss the prescribed claims of the *Thomas* Original Complaint first so that plaintiffs obtain the benefit of hearing the expressed views of the Court and may tailor their proposed Amended Complaint accordingly. A prior determine by the Court on FGT's Motion to Dismiss would effectively avoid the possibility of additional amendments to cure existing deficiencies, streamline discovery, and limit motion practice. Nevertheless, whatever the order of consideration taken by the Court, the conclusion of the prescribed *Thomas* Original Complaint remains the same: either the claims should be dismissed based solely on the pleadings at the time

it was filed and without consideration of the Amended Complaint, or the claims should be dismissed by carving out the prescribed claims from the Amended Complaint, should be it be filed.  See *Brees v. Patten*, 2014 WL 3587333 *4-6 (E.D. La. 2014)

## CONCLUSION

FGT objects to the Amended Complaint to the extent plaintiffs attempt to upset or moot its pending Motion to Dismiss as opposed to simply introducing separate and distinct theories of liability.  The *Thomas* Original Complaint should be dismissed as prescribed irrespective of Plaintiffs' Motion for Leave to Amend the Complaint.  Dismissal is warranted regardless of whether this Court considers the Motion to Dismiss before  leave is decided or if the Court analyzes all theories and dismisses just Louisiana state claims that have prescribed.  Either approach would avoid undue prejudice to FGT in defending against substantial discovery arising out of three bodies of law (Louisiana, Texas and Federal) simulatneously.  Accordingly, FGT opposes plaintiffs' Motion for Leave to File the First Supplemental and Amending Complaint in order to demonstrate that it has no effect on FGT's pending Motion to Dismiss the prescribed claims set forth int the Original Thomas Complaint.

        Respectfully submitted:

        PLAUCHÉ MASELLI PARKERSON L.L.P.

BY:         <u>s/ Lauren Dietzen</u>
        G. BRUCE PARKERSON (#1118)
        JAMES K. ORDENEAUX (#28179) (T.A.)
        LAUREN B. DIETZEN (#31444)
        JESSICA S. SAVOIE (#33378)
        701 Poydras Street, Suite 3800
        New Orleans, LA 70139
        Telephone: (504) 582-1142
        Telefax: (504) 582-1172
        COUNSEL FOR FLORIDA GAS TRANSMISSION
        COMPANY, LLC

**CERTIFICATE OF SERVICE**

I, Lauren Dietzen, do hereby certify that on this 21st day of July, 2015, I have electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

D. Douglas Howard, Jr.
Shawn C. Reed
Jonathan C. Pedersen
Counsel for Plaintiffs
Howard and Reed
839 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 581-3610
Telefax: (504) 581-7509
Email: ddhowardjr@bellsouth.net, sreed@howardandreed.com,
      jcpedersen@howardandreed.com

            -and-

William H. Arata
Counsel for Plaintiffs
216 Austin Street
Bogalusa, LA 70427
Telephone: (985) 735-1368
Email: aratalaw@bellsouth.net

                                  s/ Lauren B. Dietzen