UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANIE THIGPEN, ET AL. | * | CIVIL ACTION NO. |
| PLAINTIFFS | * | 14-CV-01415 c/w 15-CV-1749 |
| | * | |
| VERSUS | * | SECTION: "J"   MAG: (1) |
| | * | |
| FLORIDA GAS TRANSMISSION | * | JUDGE: Carl Barbier |
| COMPANY, LLC  ET AL | * | |
| DEFENDANTS | * | MAGISTRATE: Sally Shushan |
| | * | |
| This Pleading Applies to All Related Cases | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATE OF LOUISIANA
## PARISH OF ORLEANS

### AFFIDAVIT

BEFORE ME, the undersigned Notary Public in the Parish of Orleans, State of Louisiana, did appear, JONATHAN C. PEDERSEN, who, after being duly sworn, did affirm and state:

1.

That he is counsel of record for the plaintiffs in the above captioned matter.

2.

That on July 16, 2014, counsel for the parties met for lunch to discuss this case. In attendance were D. Douglas Howard, Jr., Shawn Reed, and Jonathan Pedersen, for the Complainants, and James Ordeneaux and Bruce Parkerson for Defendant, Florida Gas.

3.

That numerous topics were discussed during said meeting, including the class action allegations in Plaintiffs' original complaint, as well as the nature and architecture of a potential settlement.



EXHIBIT B

4.

Plaintiffs' counsel expressed that the class allegations in the Complaint were directly related to testing the pipeline for safety and remediating the pipeline as needed to ensure it was safe for continued operations and habitation by the plaintiffs. Defense counsel adamantly stated that no remediation was necessary because Florida Gas had assured the future safe operation of the pipeline and therefore, urged that the case should not proceed as a class action but rather individual actions of affected persons.

5.

The parties agreed to an exchange of information so that settlement as to individual plaintiffs could be negotiated. Plaintiffs agreed to provide defense counsel with a list of represented individuals so that they could proceed with a settlement framework and identify the locations of the affected parties. In exchange, Defense counsel was to provide Plaintiffs' counsel with documents demonstrating the remedial and/or compliance, measures that had been taken, thereby demonstrating that the pipeline was being operated safely and that a class action was not necessary or viable.

6.

Defense counsel stated that there were likely some documents that could not be produced without the entry of a protective order and they would draft an order for review by plaintiff's counsel.

7.

Pursuant to that agreement, on August 12, 2014, plaintiffs' counsel sent a list of represented claimants to Defense counsel in an email which stated as follows: "As per our agreement at lunch attached please find a list of the clients Howard & Reed and Arata & Arata

represent in this case. I look forward to hearing from you." (See Attached EX 1).

8.

That said email was acknowledged by defense counsel, who, in response, specifically stated: "Jonathan- as discussed, your ears must have been ringing because I spoke to Bruce about this yesterday upon returning from vacation. I will gather what documentation that I can to send to you for consideration. Thanks for the attached list. Jimmy" (A copy of that email exchange between counsel is attached hereto as Exhibit 2).

9.

On January 26, 2015, defendant filed its motion to dismiss class allegations with a submission date of February 25, 2015. (R. doc. 20) After that motion was filed, Affiant and defense counsel held a telephone conference and discussed settlement again. During that conversation, counsel for Florida Gas reiterated that his client would not settle the pending action as a class settlement but rather in a framework of settlements for individual claimants.

10.

Thereafter a consent motion to continue and reset the motion was filed (R. doc. 23) with a new submission date of March 25, 2015.

11.

That on March 22, 2015, Affiant called, spoke to the Court's law clerk and explained the parties' desire for a framework to continue the case and for settlement negotiations in the absence of class allegations with input from the Court. Affiant inquired if the Court would entertain a status conference prior to issuing a ruling on defendant's motion to strike in order to receive guidance on the development of a settlement framework. The next day, prior to a conference, defendant's motion to strike the class allegations was granted. (R. doc. 25).

12.

That in spite of the prior agreement between the parties to negotiate individual settlements no settlement negotiations occurred. Additionally, no documents were produced as per the prior agreement.

_____
JONATHAN C. PEDERSEN

Sworn to and subscribed before me, Notary Public, this 21st day of July, 2015

_____
KYLE T. DEL HIERRO

# Jonathan Pedersen

| | |
|---|---|
| **From:** | Jonathan Pedersen |
| **Sent:** | Tuesday, August 12, 2014 9:55 AM |
| **To:** | Bruce Parkerson; James K Ordeneaux (jordeneaux@pmpllp.com) |
| **Cc:** | Shawn Reed; 'D. Douglas Howard, Jr.'; Arata Law Office |
| **Subject:** | Thigpen v. Florida Gas Transmission Co. - List of represented claimants |
| **Attachments:** | List of Represented Claimants.pdf |

Bruce and Jimmy,

As per our agreement at lunch, attached please find a list of the clients Howard & Reed and Arata & Arata represent in this case. I look forward to hearing from you.

Thanks,
Jonathan

JONATHAN C. PEDERSEN
Howard & Reed
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone: (504) 581-3610
Facsimile: (504) 581-7509

*This email and any of its attachments are attorney privileged and are not subject to unauthorized disclosure. In the event you are not the intended recipient of this communication please immediately delete the transmission in its entirety and notify the sender immediately.*



EXHIBIT 1

1

Jonathan Pedersen

| | |
|---|---|
| **From:** | James K Ordeneaux <jordeneaux@pmpllp.com> |
| **Sent:** | Tuesday, August 12, 2014 10:06 AM |
| **To:** | Jonathan Pedersen |
| **Cc:** | Arata Law Office; Bruce Parkerson; 'D. Douglas Howard, Jr.'; Shawn Reed |
| **Subject:** | Re: Thigpen v. Florida Gas Transmission Co. - List of represented claimants |
| **Attachments:** | List of Represented Claimants.pdf |

Jonathan - As discussed, your ears must have been ringing because I spoke to Bruce about this yesterday upon returning from vacation. I will gather what documentation that I can to send to you for consideration. Thanks for the attached list. Jimmy



**JAMES K ORDENEAUX**
Phone: 504.582.1142 | Direct: 504.
Mobile: | Fax: 504.582.1172
701 Poydras Street, Suite 3800
New Orleans, La 70139-7915 US
www.pmpllp.com

Jonathan Pedersen ---08/12/2014 09:55:38 AM---Bruce and Jimmy, As per our agreement at lunch, attached please find a list of the clients Howard &

From: Jonathan Pedersen <jcpedersen@howardandreed.com>
To: Bruce Parkerson <bparkerson@pmpllp.com>, "James K Ordeneaux (jordeneaux@pmpllp.com)" <jordeneaux@pmpllp.com>,
Cc: Shawn Reed <sreed@howardandreed.com>, "'D. Douglas Howard, Jr.'" <ddhowardjr@bellsouth.net>, Arata Law Office <aratalaw@bellsouth.net>
Date: 08/12/2014 09:55 AM
Subject: Thigpen v. Florida Gas Transmission Co. - List of represented claimants

Bruce and Jimmy,

As per our agreement at lunch, attached please find a list of the clients Howard & Reed and Arata & Arata represent in this case. I look forward to hearing from you.

Thanks,
Jonathan

JONATHAN C. PEDERSEN
Howard & Reed
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone: (504) 581-3610



EXHIBIT 2

1

Facsimile: (504) 581-7509

*This email and any of its attachments are attorney privileged and are not subject to unauthorized disclosure. In the event you are not the intended recipient of this communication please immediately delete the transmission in its entirety and notify the sender immediately.*

*(See attached file: List of Represented Claimants.pdf)*