UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE THIGPEN, ET AL                         CIVIL ACTION

VERSUS                                      NO: 14-1415
                                            c/w 15-1749

FLORIDA GAS TRANSMISSION                    SECTION: "J"(1)
COMPANY, LLC ET AL

## ORDER AND REASONS

Before the Court is Defendant Florida Gas Transmission Company, LLC ("Florida Gas")'s *Federal Rule of Civil Procedure 12(c) Motion to Dismiss Based on Prescription* **(Rec. Doc. 36)**, an opposition thereto filed by Plaintiffs (Rec. Doc. 51), Plaintiffs' *Motion for Leave to File First Supplemental and Amended Complaint and Class Action* **(Rec. Doc. 44)**, and an opposition thereto filed by Defendant. (Rec. Doc. 50) Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Plaintiffs' Motion should be **GRANTED** and Defendant's Motion should be **GRANTED IN PART**.

### PROCEDURAL AND FACTUAL BACKGROUND

This litigation involves two United States District Court, Eastern District of Louisiana cases that were recently consolidated, *Thigpen v. Fla. Gas Transmission Co.*, No. 14-1415 (E.D. La. filed June 18, 2004) ("the *Thigpen* matter") and *Thomas v. Fla. Gas Transmission Co.*, No. 15-1749 (E.D. La. filed May 22,

1

2015) ("the *Thomas* matter"). Both cases derive from a natural gas ignition that occurred on June 18, 2013, near Enon, Louisiana. (Rec. Doc. 36-1, p. 2) Plaintiff Janie Thigpen ("Thigpen"), a Louisiana resident, filed a class action suit against Florida Gas and "XYZ INSURANCE COMPANY," a fictitious insurance company representing Florida Gas's liability insurance provider, on June 18, 2014, exactly one year after the alleged incident. (Rec. Doc. 1, pp. 1-3) Thigpen has alleged counts of negligence, products liability, res ipsa loquitor, and vicarious liability. Thigpen's complaint seeks personal injury and property damages that were allegedly sustained as a result of the rupture. (Rec. Doc. 1, pp. 11-16)

On March 23, 2015, this Court struck all class allegations within the *Thigpen* matter, limiting the potential claims in that case to those asserted by Thigpen in her individual capacity. (Rec. Doc. 25) Thereafter, Plaintiff Brigitte S. Thomas and thirty-one others ("the *Thomas* Plaintiffs"), all residents of Louisiana, filed suit against Florida Gas for injuries and damages arising from the same June 18, 2013, natural gas ignition, asserting nearly identical claims as those of Thigpen. (No. 15-1749, Rec. Doc. 1) The *Thomas* Plaintiffs filed suit on May 22, 2015, two months after this Court struck all class allegations within the *Thigpen* matter and nearly two years after the alleged June 18, 2013, incident.

This Court consolidated the *Thomas* matter with the *Thigpen* matter on May 27, 2015, upon finding that the matters were related. (Rec. Doc. 26) In fact, the *Thomas* Plaintiffs' complaint states that the *Thomas* matter "is directly related to" the *Thigpen* matter. (No. 15-1749, Rec. Doc. 1, p. 2)

On June 24, 2015, Defendant filed a motion seeking to dismiss the claims of the *Thomas* Plaintiffs pursuant to Federal Rule of Civil Procedure 12(c) on the ground that their claims have prescribed as a matter of law. (Rec. Doc. 36) Subsequently, on July 14, 2015, the *Thomas* Plaintiffs filed a motion for leave to file their First Supplemental and Amended Complaint and Class Action. (Rec. Doc. 44).

In their First Supplemental and Amending Complaint ("Amended Complaint"), the *Thomas* Plaintiffs clarify that all individuals named as Plaintiffs in the *Thomas* Complaint "were members of the putative class in the [*Thigpen* matter] filed in this Honorable Court." (Rec. Doc. 44-3) The Amended Complaint also asserts federal question jurisdiction, as all Plaintiffs allege that Defendant "violated numerous federal laws and statutes," including "the Pipeline Inspection, Protection, Enforcement, and Safety Act of 2006 (49 U.S.C. § 60100, et seq.)[ and] the Gas Integrity Management Rule (49 CFR §192(O))." (Rec. Doc. 44-3, pp. 2, 6) Furthermore, the Amended Complaint claims that Defendant's conduct constitutes a continuing tort and permanent nuisance. (Rec. Doc.

44-3, pp. 12-14) Notably, the Amended Complaint asserts that "[f]ederal laws, Texas laws, Louisiana laws, and the laws of the various states through which the pipeline traverses are applicable to Plaintiff's claims for negligence and damages." (Rec. Doc. 44-3, pp. 6-7)

## PARTIES' ARGUMENTS

Defendant argues that Louisiana rules of prescription apply to the *Thomas* Plaintiffs' state law claims, which are prescribed under Louisiana Civil Code article 3492. (Rec. Doc. 36-1, pp. 7-8) In its opposition to Plaintiffs' Motion, Defendant argues that the additional theories of liability alleged in the proposed Amended Complaint are separate and distinct and have no effect on the already prescribed state law claims in the original *Thomas* Complaint. (Rec. Doc. 50, p. 4) Accordingly, Defendant asks the Court either to dismiss the claims based solely on the pleadings at the time the original *Thomas* Complaint was filed, or to dismiss the claims by carving out the prescribed claims from the Amended Complaint, should it be filed.

In opposition to Defendant's motion, the *Thomas* Plaintiffs argue that their claims "were tolled under Federal jurisprudence and Fed. R. Civ. P. 23 as they relate to the claims asserted in the [*Thigpen* matter]" and because "this matter is before this Honorable Court based on federal question jurisdiction as well as diversity." (Rec. Doc. 51, pp. 1-2, 10) Furthermore, Plaintiffs argue that

4

Texas law and the two-year Texas statute of limitations should apply to this case. (Rec. Doc. 51, pp. 2, 13)

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S.*

5

*Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

**A.   Motion for Leave to File First Supplemental and Amended Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)) (internal quotation marks omitted). Although leave to amend is not automatic, a court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* The court has discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Id.* (quoting *Jones*, 427 F.3d at 994). An amendment is "futile" if it would fail to survive a Rule 12(b)(6) motion. *Id.*

The *Thomas* Plaintiffs' proposed Amended Complaint asserts additional and more specific allegations of fact to more fully

address their claims as well as issues relating to prescription and choice of law. Accordingly, the Court finds that "justice so requires" the Court to give leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Therefore, the Court will consider Defendants' Motion to Dismiss as applied to the *Thomas* Plaintiffs' Amended Complaint.

**B.   Motion to Dismiss Based on Prescription**

Plaintiffs' Amended Complaint asserts federal question jurisdiction and jurisdiction based on diversity of citizenship. Although the Amended Complaint claims that Defendant violated "numerous federal laws and statutes," the Amended Complaint mentions only the Natural Gas Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.* ("PSA") and various Pipeline Safety regulations, 49 C.F.R §§ 192.901 *et seq.*, 194.103, and 194.107. Section 60121 of the PSA provides "[a] person may bring a civil action in an appropriate district court of the United States for an injunction against another person . . . for a violation of this chapter or a regulation prescribed or order issued under this chapter." 49 U.S.C. § 60121. Section 60121 "does not restrict a right to relief that a person or a class of persons may have under another law." *Id*. Because the only remedy under § 60121 is injunctive relief, Plaintiffs' claims for damages are necessarily state law claims.

When, as here, subject matter jurisdiction is based on diversity, federal courts apply the choice-of-law rules of the forum state to determine which state's substantive law applies.

*McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012). Choice of law in civil suits in Louisiana is generally governed by Civil Code article 3542, which provides that the substantive law to be applied should be "the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code Ann. art. 3542. To make this determination, courts should consider "the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered" as well as "the policies of deterring wrongful conduct and of repairing the consequences of injurious acts." *Id.*

Louisiana has a specific choice-of-law rule for liberative prescription. Louisiana law of prescription should generally be applied to all civil suits brought in Louisiana, regardless of which state's law applies to the underlying substance of the suit. La. Civ. Code Ann. art. 3549. However, if the action is barred under Louisiana law but not under the laws of the state whose laws apply to the merits of the action, the suit may be maintained if warranted by "compelling considerations of remedial justice." *Id.* Therefore, it is not necessary at the outset to determine whether Louisiana or Texas law applies to the *Thomas* Plaintiffs' state law

8

claims. First, the Court must determine whether any of those claims are barred by Louisiana law of prescription.

If Louisiana law applies to these claims, then there is no question that the prescription law of Louisiana would apply. La. Civ. Code Ann. art. 3549(A). If Texas law applies to these claims, then Louisiana prescription law would still apply unless the action would not be barred by Texas law and "compelling considerations of remedial justice" warrant maintenance of the action in this state. La. Civ. Code Ann. art. 3549(B)(1).

Under Louisiana law, delictual actions are subject to a liberative prescription of one year. La. Civ. Code Ann. art. 3492. This one-year period commences to run from the day injury or damage is sustained. *Id.* Damage is considered to have been "sustained," for purposes of prescription, when it has "manifested itself with sufficient certainty to support accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993). As a general rule, statutes of prescription are strictly construed against prescription and in favor of the obligation sought to be enforced. *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So. 3d 721, 726 (La. 2011). Ordinarily, the moving party bears the burden of proving prescription. *Id.* However, if the complaint is prescribed on its face, the burden shifts to the nonmoving party to negate the presumption. *Id.* Louisiana law recognizes three theories upon which

a nonmoving party may rely to establish that prescription has not accrued: suspension, interruption, and renunciation. *Id.*

Louisiana Code of Civil Procedure article 596 provides for the suspension of prescription "on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class . . . as to all members of the class as defined or described therein." La. Code Civ. Proc. Ann. art. 596A. To receive the benefit of suspension of prescription provided in article 596, an individual filing an independent suit must establish three predicate facts: (1) the existence of a timely filed class action proceeding against the defendant, (2) that he or she is a member of the class described or defined in the identified class petition, and (3) that the claims asserted in the independent action arise "out of the transactions or occurrences described" in that petition. *Quinn v. La. Citizens Prop. Ins. Corp.*, 118 So. 3d 1011, 1016 (La. 2012).

In *Quinn v. Louisiana Citizens Property Insurance Corp.*, the Louisiana Supreme Court held that article 596 does not apply to putative class actions filed in a federal court. *Id.* at 1019-20. The court reasoned that by tying the suspension of prescription provided in article 596 to unique features of Louisiana class action procedure,[1] the legislature expressed an intent that article

---

[1] For example, article 596 provides that prescription begins to run again "thirty days after mailing or other delivery or publication of a notice to the class . . . that the demand for class relief has been stricken." La. Code Civ. Proc. Ann. art. 596A(3).   The requirement of notice to restart the running of prescription is unique to Louisiana.  The federal rules do not require notice of

596 applies only to "'petition[s] brought on behalf of a class' in the state courts of Louisiana." *Id.* at 1020 (footnote omitted). Furthermore, the plain language[2] of the article dictates the same result. *Id.*

Following *Quinn*, the Louisiana Supreme Court decided *Smith v. Transport Services Co. of Illinois*, 148 So. 3d 903 (La. 2014). In *Smith*, a class action filed in Louisiana state court was removed to the United States District Court for the Eastern District of Louisiana, where class certification was denied. *Id.* at 904-05. Shortly thereafter, three putative class members filed individual claims in Louisiana state court. *Id.* The court held that the initial filing of a class action petition in state court suspended prescription with regards to members of the putative class and the subsequent removal did not recommence the prescriptive period. *Id.* at 909. Thus, the filing of a class action petition in Louisiana state court suspends prescription even if the case is removed to federal court, where Louisiana's unique civil action procedure no longer applies. *See id.*

In the present case, the *Thomas* Plaintiffs' complaint, filed May 22, 2015, seeks in part to recover damages sustained as a direct result of the natural gas ignition that occurred on June 18, 2013. The *Thomas* Plaintiffs' claims, asserted nearly two years

---

such exclusionary events. *Quinn*, 118 So. 3d at 1019.

[2] The court in *Quinn* noted the article's use of the word "petition," a term unique to Louisiana, rather than the word "complaint," the term used in federal court. 118 So. 3d at 1020 n.14.

after the incident, would appear to be prescribed. However, the Amended Complaint additionally alleges that "[a]ll of those individuals named as Plaintiffs herein were members of the putative class in the [*Thigpen* matter] filed in this Honorable Court." (Rec. Doc. 44-3) In other words, the complaint alleges facts to show that prescription may have been suspended by virtue of the timely filing of a class action proceeding in which the *Thomas* Plaintiffs were putative class members.

However, the class action proceeding on which the *Thomas* Plaintiffs rely to establish a suspension of prescription was filed in federal court. As a federal class action proceeding, the *Thigpen* matter cannot suspend prescription under article 596 as a matter of law. The *Thomas* Plaintiffs' complaint makes no mention of any class action proceeding originally filed in Louisiana state court. Therefore, under Louisiana law, the complaint is prescribed on its face.[3]

Unlike Louisiana, in Texas an action for personal injury or injury to property must be filed "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Accrual occurs on the date the plaintiff first

---

[3] Even if the Court applied *American Pipe* tolling, as Plaintiffs argue, the result would be the same. "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). The *Thigpen* matter was filed on June 18, 2014, exactly one year after the incident. Once the Court struck all class action allegations on March 23, 2015, the limitation period would have commenced to run again and the one-year period would have accrued on the following day.

becomes entitled to sue the defendant based upon a legal wrong attributed to the latter, even if the plaintiff is unaware of the injury. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1140 (5th Cir. 1997). Therefore, the *Thomas* Plaintiffs' complaint was timely filed on May 22, 2015, under Texas law.

As discussed above, if Texas law applies to this action, its two-year statute of limitations may also apply only if maintenance of the action is warranted by "compelling considerations of remedial justice." La. Civ. Code Ann. art. 3549. Comment (f) to article 3549 describes examples of "compelling considerations" as those

> where through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any state other than the forum or where for some reason a judgment obtained in the other state having jurisdiction would be unenforceable in other states . . . . [and] also situations where suit in the alternative forum, although not impossible would be extremely inconvenient for the parties.

La. Civ. Code Ann. art. 3549, cmt. (f) (internal quotation marks omitted). Louisiana courts interpret the "compelling considerations of remedial justice" exception very narrowly, giving it effect in "only the most extraordinary of circumstances." *Brown v. Slenker*, 220 F.3d 411, 420 (5th Cir. 2000).

The Court is aware of only one case since article 3549's 1991 revision where a court found "compelling considerations of remedial justice." *See Smith v. ODEKO (UK), Inc.*, 615 So. 2d 407, 410 (La.

13

App. 4 Cir. 1993). *Smith v. ODEKO (UK), Inc.* involved one of the explicit situations mentioned in comment (f): Louisiana was the only forum in which suit could be maintained, because it was the only forum in which jurisdiction could be obtained over all the defendants. *See id.* at 409.

In contrast, there have been a number of cases interpreting the "compelling considerations of remedial justice" exception to article 3549 that have found that the exception does not apply. "In cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected." *Brown*, 220 F.3d at 420; *see also Tigert v. Am. Airlines Inc.*, 390 F. App'x 357, 360 (5th Cir. 2010) (affirming conclusion that plaintiff's claim of inconvenience in filing suit in California, where plaintiff and her treating physicians both reside in Louisiana, does not rise to the level of "compelling considerations of remedial justice" required by article 3549); *Williams v. Sunset Beach Resort & Spa*, No. 02-3250, 2003 WL 23095589, at *2 (E.D. La. Dec. 22, 2003) (finding that the plaintiff's claims of inconvenience in pursuing a lawsuit in Jamaica, inability to afford an attorney to litigate her claims in Jamaica, and the unavailability of a jury trial in Jamaica do not rise to the level of "compelling considerations of remedial justice" required by article 3549); *Smith v. Fla. Gulf Airlines,*

14

*Inc.*, No. 96-48, 1996 WL 156859, at *3 (E.D. La. Apr. 2, 1996) (finding that the plaintiff's claim of inconvenience of litigation in Florida, her limited financial resources to prosecute the case in Florida, and that all her treating physicians are located in Louisiana do not rise to the level of "compelling considerations of remedial justice" required by article 3549); *Seagrave v. Delta Airlines, Inc.*, 848 F. Supp. 82, 84 (E.D. La. 1994) (finding that the cost and inconvenience of having to file suit in Virginia after plaintiff moved to Louisiana does not rise to the level of "compelling considerations of remedial justice" required by article 3549).

Here, the *Thomas* Plaintiffs have not demonstrated "compelling considerations of remedial justice" that would warrant maintenance of their action in Louisiana. In their opposition to Defendant's motion, the *Thomas* Plaintiffs argue that Texas law, including its two-year statute of limitations, should apply because "Texas has a substantial interest in applying its law-to [sic] promote compliance with Federal statutes for interstate natural gas transmission lines that permeate the ground under Texas and begin in Texas." (Rec. Doc. 51, p. 15) However, Plaintiffs' arguments regarding choice of law seem to be directed at the factors to determine which state's substantive law should apply under article 3452, rather than the application of article 3549 to determine whether Louisiana prescription law should apply.

In their Reply Memorandum in support of their Motion for Leave to File First Supplemental and Amended Complaint, the *Thomas* Plaintiffs state that they filed their Complaint in this Court, rather than in a Texas court where the claims were not time-barred, "in the interests of judicial economy" and consistency of judicial outcomes. Furthermore, they argue that "the necessary discovery played a large role in the decision to file" in Louisiana rather than in Texas. (Rec. Doc. 58, p. 1) However, none of the situations described in comment (f) to article 3549 are present here. Indeed, Plaintiffs admit that "[b]oth Louisiana and Texas have personal jurisdiction over the parties . . . and either forum would be appropriate for adjudication." (Rec. Doc. 58, p. 2) Plaintiffs' own Reply refers to their "choice of forum" when asking this Court to now transfer these matters to a Texas District Court based on *forum non conveniens*. (Rec. Doc. 58, p. 9) Thus, the *Thomas* Plaintiffs have litigated their claims in Louisiana by choice, not necessity.

Plaintiffs also claim "this District is a *more convenient* forum for the plaintiffs who reside in a remote rural region of Louisiana closest to the city of New Orleans." (Rec. Doc. 44-3, p. 3) (emphasis added). While the Court recognizes that filing suit in Texas would be more inconvenient for Plaintiffs, this inconvenience would not be so "extreme" as to constitute compelling considerations of remedial justice. *See Fla. Gulf Airlines*, 1996 WL 156859, at *3. Therefore, Louisiana law of prescription applies,

16

and all claims for injury or damage sustained on June 18, 2013, as a result of the natural gas ignition, are prescribed.

The Court does not reach a conclusion regarding any claims for continuing tort, nuisance, or injunctive relief that have not been adequately briefed for the present Motion to Dismiss Based on Prescription. The parties may file appropriate motions concerning those claims.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Leave to File First Supplemental and Amended Complaint and Class Action* **(Rec. Doc. 44)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *Federal Rule of Civil Procedure 12(c) Motion to Dismiss Based on Prescription* **(Rec. Doc. 36)** is **GRANTED IN PART**. All claims of the *Thomas* Plaintiffs against Defendant seeking damages sustained on June 18, 2013, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 29th day of July, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE