# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, ET AL.** | * | **CIVIL ACTION NO.** |
| **PLAINTIFFS** | * | **14-CV-01415 c/w 15-CV-1749** |
| | * | |
| **VERSUS** | * | **SECTION: "J"    MAG: (1)** |
| | * | |
| **FLORIDA GAS TRANSMISSION** | * | **JUDGE: Carl Barbier** |
| **COMPANY, LLC  ET AL** | * | |
| **DEFENDANTS** | * | **MAGISTRATE: Sally Shushan** |
| | * | |
| **This Pleading Applies to All Related Cases** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

### I.

Paragraph 1 of Plaintiffs' Original Complaint is to remain the same.

### II.

Paragraph 2 of Plaintiffs' Original Complaint is to supplemented and amended in order to read as follows:

### 2.

All of those individuals named as Plaintiffs herein were members of the putative class in the case filed in this Honorable Court entitled: *Janie Thigpen, individually and o/b/o all others similarly situated vs. Florida Gas Transmission Company, et al.,* United States District Court Eastern District of Louisiana bearing case number 2:14-cv-01415, Section J(1).

### III.

Paragraph 3 of Plaintiffs' Original Complaint, and all of its subparts, are to remain the same.

IV.

Paragraph 4 of Plaintiffs' Original Complaint is to be supplemented and amended in order to read as follows:

4.

The named Defendant to this cause of action is Florida Gas Transmission Company, L.L.C., ("Florida Gas") a foreign Corporation with its principal place of business being in Dallas, Texas, and that  but that, at all times relevant hereto, was authorized to do and doing business in the State of Louisiana and within the jurisdictional boundaries of the United States District Court for the Eastern District of Louisiana.

V.

Paragraphs 5 and 6 of Plaintiffs' Original Complaint are to be supplemented and amended in order to read as follows:

5.

**JURISDICTION AND VENUE**

This Honorable Court has federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, as all Plaintiffs allege that the acts and omissions of Defendant, Florida Gas Transmission Company, L.L.C., which led to the damages complained of herein violated numerous federal laws and statutes. Moreover, the federal laws governing the regulation, use, and safety of natural gas pipelines preempt state laws that address those same issues. Additionally, this Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and/or § 1441, as the citizenship of the parties hereto is diverse and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. More particularly, all of the named Plaintiffs are citizens of the State of Louisiana and Defendant, Florida Gas, is domiciled in the State of Delaware, with its principal place of business being in the State of Texas.

VI.

Paragraph 6 of Plaintiffs' Original Complaint is to be supplemented and amended in order to read as follows:

6.

Venue is also proper in the United States District Court for the Eastern District of Louisiana as well as the Federal Courts in Texas pursuant to 28 U.S.C. § 1391 because some of the acts and omissions complained of occurred in this District and because the damages were sustained in both localities; however, this District Court is a more convenient forum for the plaintiffs who reside in a remote rural region of Louisiana closest to the city of New Orleans.

VII.

Paragraph 7 of Plaintiffs' Original Complaint is to be supplemented and amended in order to read as follows:

7.

**FACTUAL ALLEGATIONS**

Defendant, Florida Gas Transmission Company, L.L.C., is the owner and/or operator of the "Line 200" natural gas transmission pipeline (periodically referred to hereinafter as the "Pipeline"), which is connected to a natural gas pipeline in the State of Texas and which is capable of transmitting natural gas

across State lines and from a point source in Texas across several states to Florida which includes Louisiana.

VIII.

Paragraph 8 of Plaintiffs' Original Complaint is to be supplemented and amended in order to read as follows:

The "Line 200" pipeline is a loop line that includes a 26-inch diameter section that runs through and/or to the Buller Compressor Station at Mile Post (MP) 440.6 in western Louisiana and runs to the Zachary Compressor Station in Zachary, Louisiana at MP 559.3; and a 30-inch diameter section that starts west of the Zachary Compressor Station at MP 520.1 and runs approximately 548 miles to Brooker, Florida. Portions of the 30-inch diameter section of Line 200 run through populated areas, environmentally sensitive areas, and cross state and local highways in addition to passing and/or crossing through public and private immovable property.

IX.

Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, and 17 of Plaintiffs' Original Complaint are to remain the same.

X.

Paragraph 18 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

At all times relevant hereto, the Pipeline was owned and/or maintained and/or manned and/or possessed and/or managed and/or controlled and/or chartered and/or operated by Defendant, Florida Gas Transmission Company,

4

L.L.C. Major decisions as well as acts and/or omissions regarding compliance of Florida Gas with Federal statutory requirements that include but are not limited to the testing of the Pipeline, the maintenance of the Pipeline, the management of the Pipeline, the control of the Pipeline, and the operation of the Pipeline, were made in the State of Texas, at the corporate offices of Defendant, Florida Gas Transmission Company, L.L.C., and said decisions were made by executives and corporate representatives of Defendant, Florida Gas Transmission Company, L.L.C., all of whom, upon information and belief, are residents and domiciliaries of the State of Texas.

XI.

Paragraph 19 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

The rupture, fire and explosion of the Pipeline and the damage resulting therefrom was caused by the negligence of Defendant, Florida Gas, including said Defendant's executives, employees, directors and agents, located in the State of Texas, which renders Florida Gas liable jointly, severally, and *in solido* to Plaintiffs for all damages sustained as a result of the incident forming the basis of this suit.

XII.

Paragraph 20 of Plaintiffs' Original Complaint is to remain the same.

XIII.

Paragraph 21 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

5

Continued use of the Pipeline following the February 13, 2012, rupture constituted an unreasonable risk of harm to the public, as Defendant, Florida Gas, had actual and/or constructive knowledge of the dangerous condition that existed, namely corrosion of the Pipeline, and failed to take any remedial and/or corrective action to remedy the situation, as is evidenced by the fact that the incident complained of herein is the second occurrence of a failure of the Line 200 natural gas transmission pipeline within a sixteen month period, and Plaintiffs sustained damages as a result of the rupture, explosion, and fire that occurred on June 18, 2013. The decision to continue the use of the Pipeline following the February 13, 2012, rupture was made by the executives, directors, employees, and agents of Florida Gas, all of whom, upon information and belief are residents and domiciliaries of the State of Texas.

XIV.

Paragraph 22 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

The injuries and damages suffered by Plaintiffs were caused by Defendant's violations of numerous statutes and regulations, including, but not limited to, the Pipeline Inspection, Protection, Enforcement, and Safety Act of 2006 (49 U.S.C. 60100, et seq.); the Gas Integrity Management Rule (49 CFR §192(O)), including the federally mandated requirements report, mitigate and cease operation to avoid substantial risk of harm  as well as  take corrosion resistance measures and properly test natural gas transmission pipelines at regular intervals. Federal laws, Texas laws, Louisiana laws, and the laws of the various

states through which the pipeline traverses are applicable to Plaintiffs' claims for negligence and damages sought herein and same is incorporated herein as if set forth in its entirely.

XV.

Paragraph 23 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

Florida Gas, including its executives, directors, employees, and agents, in the State of Texas, knew of the dangers associated with the transmission of natural gas through the Pipeline and failed to take appropriate measures to prevent damage to Plaintiffs and the environment and areas where Plaintiffs reside, work, relax, and earn a living.

XVI.

Paragraphs 24 through 39 of Plaintiffs' Original Complaint are to remain the same.

XVII.

Paragraph 40 of Plaintiffs' Original Complaint is to be supplemented as amended in order to read as follows:

40.

The sole and proximate cause of the incident forming the basis of this suit and the injuries and damages sustained by Plaintiffs was the gross and wanton negligence, carelessness and recklessness of Defendant, Florida Gas Transmission Company, L.L.C., in the following non-exclusive particulars, to-wit:

a.    Failing to properly operate the Pipeline in a safe, prudent, and reasonable manner;

b.    Operating the Pipeline in such a manner that a rupture, fire and explosion occurred;

c.    Failing to properly inspect the Pipeline to ensure that it was fit for its intended purpose;

d.    Acting in a careless and/or negligent manner without due regard for the safety of others and the foreseeable victims of their acts and/or omissions which constitute negligence;

e.    Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Pipeline which, if Defendant had so promulgated, implemented and enforced, would have prevented the rupture, explosion and fire;

f.    Operating the Pipeline in an unsafe manner by employing untrained and/or unlicensed personnel to operate the Pipeline;

g.    Inadequate training and/or hiring of personnel;

h.    Failing to take appropriate action to avoid and/or mitigate the incident once the event occurred and, thus unreasonably exacerbated the damages as to the plaintiffs herein;

i.    Negligent implementation of policies and procedures to safely conduct natural gas transmission operations designed to prevent the type of incident detailed herein;

j.    Employing untrained and/or poorly trained employees and/or failing to properly train their employees;

k.      Failing to ascertain that the Pipeline and its equipment were free from defects and/or were in proper working order;

l.      Failing to timely warn plaintiffs of the hazardous conditions known to them which caused injury to plaintiffs;

m.      Failure to timely bring the natural gas release under control;

n.      Failure to keep appropriate accident prevention and response equipment on hand so as to quickly respond to the type of incident detailed herein;

o.      Failure to observe and read gauges that would have indicated excessive pressures in the Pipeline;

p.      Failure to react to danger signs and/or signals when Defendant was in a superior position to do so;

q.      Failing to properly inspect and test the Pipeline to ensure its fitness for use and its structural integrity, as proper inspection and testing of the Pipeline would have revealed corrosion on the interior and exterior wall(s) of the Pipeline which presented an unreasonable risk of harm during natural gas transmission operations;

r.      Failing to timely inspect and test the Pipeline to ensure its fitness for use and its structural integrity, as timely inspection and testing of the Pipeline would have revealed that corrosion on the interior and exterior wall(s) of the Pipeline which presented an unreasonable risk of harm during natural gas transmission operations;

s.      Failing to take remedial and/or corrective action to repair the
Pipeline while having actual knowledge of the unreasonably
dangerous condition presented by the corrosion on the interior and
exterior walls of the Pipeline;

t.      Operating a Pipeline that was unreasonably dangerous under the
circumstances;

u.      Continuing natural gas transmission operations while having actual
knowledge of  the rupture that occurred on a different segment of
the same Pipeline, namely the rupture that occurred on February
13, 2012, near the Zachary Compressor Station, under similar
operating pressures;

v.      Failing to adequately maintain the cathodic rust prevention system
in order to prevent corrosion to Pipeline, which renders the
pipeline unsafe for use;

w.      Failing to adequately inform the various federal, state, and local
agencies that responded to the incident of the magnitude of the
potential danger posed by the Pipeline before the explosion and
fire were brought under control;

x.      Failing to implement and employ an adequate set of procedures for
the evacuation of individuals when a rupture occurs and hazardous
material(s), including but not limited to natural gas, is released into
the atmosphere and environment;

y.      Failing to bring the fire under control in a reasonably timely

fashion under the circumstances; and

z.      All other acts and/or omissions that will be proven at the trial of

this matter, all of which acts and omissions are in violation of

Federal laws which govern the use and transmission of natural gas

pipelines, the laws of the State of Texas, the laws of the State of

Louisiana, and the laws of other States through which the Pipeline

traverses.

## XVIII.

Paragraph 41 of Plaintiffs' Original Complaint is to remain the same.

## XIX.

Paragraph 42 of Plaintiffs' Original Complaint is to be supplemented as amended in order

to read as follows:

## 42.

The injuries and damages to Plaintiffs were also caused and/or aggravated

by the fact that Defendant, Florida Gas, failed to take necessary actions to

mitigate the danger associated with their operations.

## 42(a).

To date, Defendant, Florida Gas, continues to operate the Pipeline, which

causes an ongoing risk of harm to Plaintiffs and to the public and the training,

hiring and firing of personnel required to ensure the safety of the pipe line at all

times relevant hereto was vested in the corporate offices of Defendant, Florida

Gas, in the State of Texas.

42(b).

More particularly, upon information and belief, Florida Gas has taken no remedial measures in order to prevent a future incident from occurring.

42(c).

Defendant, Florida Gas, has actual and/or constructive knowledge of the dangerous condition that currently exists, namely corrosion of the Pipeline, and has failed to take any remedial and/or corrective action.

42(d).

A major component of the safe use and transmission of natural gas requires that the gas be odorized prior to its delivery to consumers. That is, the smell of "rotten eggs" that users of natural gas are familiar with is added to natural gas before its delivery to the consumer. The sole purpose of adding the odor of rotten eggs to natural gas is to alert individuals, such as Plaintiffs, that natural gas is present in the air, and, in turn, poses a risk of fire and/or explosion.

42(e).

The natural gas that flows through the Pipeline at issue in this case is not odorized which presents further unreasonable and ultra hazardous risks and ongoing damages to plaintiffs at all times relevant hereto to the present which represent a continuing tort.

43(f).

Plaintiffs are acutely aware of the Pipeline's current state of deterioration, and since the date of the rupture, explosion, and fire at issue in this case, Plaintiffs

have learned that the natural gas contained in the Pipeline is not odorized. The combination of these factors leaves Plaintiffs helpless, because they have no way of knowing if, or when, another rupture, fire, and/or explosion will occur.

43(g).

The natural gas transmitted by the Pipeline contains harmful chemicals and components, including, but not limited to benzene, all of which, if inhaled, are harmful to human health.

44(h).

Plaintiffs continue to fear their health and for the health of their families, as the continued use and operation of the Pipeline in its current state of deterioration causes Plaintiffs to fear that they are inhaling and/or being exposed to toxic chemicals and/or chemical components that they cannot detect, and therefore cannot avoid.

44(i).

Plaintiffs have not received any reassurances whatsoever from Defendant, Florida Gas, that remedial measures have been taken ensure that continued use and operation of the Pipeline is safe.

44(j).

The ongoing use and operation of the pipeline causes Plaintiffs to experience ongoing fear and freight, as they have no way of knowing that they are safe when they are near the Pipeline.

44(k).

The continued use and operation of the Pipeline in its current state of deterioration has caused, and continues to cause, Plaintiffs to fear for their safety and for the safety of their families. As such, the tortuous conduct of Defendant, Florida Gas, continues to this very day, and Plaintiffs will continue to sustain damages until such time as Florida Gas has taken the proper remedial measures to ensure that continued operation of the Pipeline does not pose an unreasonable risk of harm.

42(l).

Defendant's current, ongoing use of the Pipeline constitutes a permanent nuisance, as it interferes with Plaintiffs use and enjoyment of the land and surrounding property.

42(m).

The Pipeline, in its current state of disrepair, constitutes an underground hazard that causes Plaintiffs to experience unnecessary discomfort and annoyance.

XX.

Paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52, are to remain the same.

XXI.

Paragraph 53 of Plaintiffs Original Complaint is to be supplemented and amended in order to read as follows:

53.

All Plaintiffs demand and are entitled to a judgment from this Honorable Court declaring that the ongoing use and operation of the Pipeline in its current state of disrepair and deterioration poses an unreasonable risk of harm.

53(a).

All Plaintiffs demand and are entitled to a judgment from this Honorable Court ordering Defendant, Florida Gas Transmission Company, L.L.C., to immediately inspect, test, and take remedial and corrective action as necessary in order to ensure Plaintiffs safety.

53(b).

All Plaintiffs demand and are entitled to a declaratory judgment and/or injunctive relief from this Honorable Court directing ordering Defendant, Florida Gas Transmission Company, L.L.C., to immediately institute a mandated and Core Plan for an emergency response pursuant to 49 USC § 60121, e*t seq* and 49 CFR Part 194.107 and Part 194.103  and/or  49 USC §60102(a) (3) qualifications and training of  pipe operators to recognize and react appropriately to abnormal operating conditions   that may indicate a dangerous situation or condition exceeding design limits of the pipe line. Additionally, operators of a pipe line facility  also mandated by federal statute to insure that employees that operate and maintain the facility are qualified and trained to operate the facility pursuant to 49 USC §60102(a)(3).as well as other relevant federally mandated affirmative duties

of Defendant that were breached and resulted in the pipe line rupture at issue and the continuing hazards and permanent nuisance as well as  monitoring schedule of testing, maintenance, and repair, of the Pipeline for the foreseeable future and to perform due diligence so as to ensure that incidents similar to those forming the basis of this suit and all times pertinent hereto said acts and/or omissions in violation of federal statutes occurred in State of Texas.

XXII.

Paragraphs 54, 55, and 56 are to remain the same.

XXIII.

Plaintiffs' Prayer for Relief is to be supplemented and amended in order to read as follows:

**PRAYER FOR RELIEF**

**WHEREFORE**, all named Plaintiffs in the above captioned consolidated causes of action respectfully pray:

a.  That Defendant, Florida Gas Transmission Company, L.L.C., be served with a copy of this Original Complaint, through its registered agent for service of process,  Corporation Service Company, 320 Somerlouse Street, Baton Rouge, Louisiana 70802, and be duly cited to appear and answer same according to law;

b.  That after the lapse of all legal delays and proceedings had, there be judgment entered herein in favor of all Plaintiffs and against Defendant, Florida Gas Transmission Company, L.L.C., jointly, severally and *in solido* in an amount fair and reasonable under the premises of this matter;

c.      That a judgment be entered herein declaring that the ongoing use and operation of

the Pipeline in its current state of disrepair and deterioration poses an

unreasonable risk of harm.

d.      That a judgment be entered herein ordering Defendant, Florida Gas Transmission

Company, L.L.C., to immediately inspect, test, and take remedial and corrective

action as necessary in order to ensure Plaintiffs safety.

e.      That declaratory and/or injunctive relief be order by this Honorable Court

pursuant to federal and/or state statutes and regulations regarding gas pipe

line hazard reporting, mitigation and response planning as well as operator

training and/or qualifications against Defendant, Florida Gas Transmission

Company, L.L.C., to immediately institute a mandated and  monitored

hazard reporting system and response plan and/or remediation, schedule of

testing, maintenance, and repair, of the Pipeline for the foreseeable future

and to perform due diligence so as to ensure that       incidents   similar   to

those forming the basis of this suit do not occur in the future.

f.      Pre-judgment and post-judgment interest at the maximum rate allowable by law

on all amounts awarded;

g.      Attorney's fees and the expenses and costs of this litigation;

h.      A trial by jury as to all Defendants named or to be named at a later date, on all

causes of action asserted herein; and

i.    For all necessary orders and decrees as may be required or are proper in the premises and for full general and equitable relief amenable under the circumstances.

Respectfully Submitted,

  [s/]SHAWN C. REED
D. DOUGLAS HOWARD, JR. (No. 7021)(T.A.)
ddhowardjr@bellsouth.net
JONATHAN C. PEDERSEN (No. 32290)(T.A.)
jcpedersen@howardandreed.com
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone (504) 581-3610
Facsimile  (504) 581-7509

SHAWN C. REED (No. 14304)(T.A.)
sreed@howardandreed.com
KYLE DEL HIERRO (No. 21557)
Kdelhierro@howardandreed.com
516 N. Columbia Street
Covington, Louisiana 70433
Telephone: (985) 893-3607
Facsimile: (985) 893-3478

— AND —

WILLIAM H. ARATA (#23431)(T.A.)
Aratalaw@bellsouth.net
216 Austin Street
Bogalusa, LA  70427
Telephone: (985) 735-1368

**ATTORNEYS FOR ALL NAMED PLAINTIFFS**