## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, INDIVIDUALLY AND** | * | **CIVIL ACTION NO. 2:14-cv-01415** |
| **ON BEHALF OF ALL OTHERS** | * | **c/w NO. 15-1749** |
| **SIMILARLY SITUATED** | * | |
| | * | |
| **VERSUS** | * | **SECTION: J** |
| | * | |
| **FLORIDA GAS TRANSMISSION** | * | **JUDGE: Carl Barbier** |
| **COMPANY, LLC and XYZ INSURANCE** | * | |
| **COMPANY STAR INSURANCE** | * | **MAG. JUDGE: Sally Shushan** |
| **COMPANY** | * | |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | * | |

## FLORIDA GAS TRANSMISSION COMPANY, LLC'S OPPOSITION TO PLAINTIFFS' DISCOVERY MOTIONS (REC DOC. 62, 67, 68 and 74)

MAY IT PLEASE THE COURT:

## INTRODUCTION

Plaintiffs' discovery motions, at every turn,  misconstrue the actions of Florida Gas Transmission Co., LLC ("Florida Gas"), which has attempted to participate in reasonable and focused discovery despite plaintiffs' excessive discovery proposals and ever-changing complaints.  Florida Gas has a right to know the extent and scope of the claims alleged against it, before it is called upon to present witnesses for depositions.  It is patently unjust and in no way furthers this litigation to serve excessive discovery proposals on Florida Gas while simultaneously changing the playing field of this litigation,  then cry foul to this Court when Florida Gas volunteers to participate in discovery that is proportionate and reflective of the current claims of the case.  Moreover, it should not be lost on this Court that plaintiffs initially filed this case in June 2014, yet it was not until July 2015 that plaintiffs did anything to advance the broad discovery that they now propose, and that they did not begin this discovery assault until faced with the possibility, since realized, that the majority of the claims in this case were

618565v1.WPD

prescribed.  Plaintiffs' abusive discovery tactics can only be interpreted as an attempt to inappropriately leverage settlement, which is an affront to  the purpose of the Federal Rules of Civil Procedure and is an inefficient use of this Court's and Florida Gas' resources.

 As detailed below and in Florida Gas' Motion for Protective Order, Florida Gas opposes plaintiffs' discovery motions as follows,

1)      Filing: Motion for Leave to take more than ten depositions (Rec. Doc. 62)

        Response: As reflected in Florida Gas' Motion for Protective Order, Florida Gas opposes plaintiffs' leave to take more than ten depositions in this case because it causes undue burden and expense to Florida Gas; plaintiffs have not yet conducted a reasonable inquiry into which depositions may be necessary to prepare the case for trial;

2)      Filing: Motion to Compel 30(b)(6) Deposition of Florida Gas relative to Electronically Stored Information (Rec. Doc. 67)

        Response: Florida Gas opposes the Motion because the deposition is harassing and premature in that no written discovery on ESI has been sought, much less responded to, and the areas of inquiry are irrelevant until it is shown that there is a reason to question whether Florida Gas appropriately stored and retained electronic information that may be relevant in this case;

3)      Motion to Compel Complete and Appropriate Responses to Requests for Admissions ( Rec. Doc. 74).

        Response: Florida Gas opposes the Motion because its Responses comply with Rule 36 (a)(4) to the extent it, in good faith, qualified its responses and then specified the part admitted and/or denied.

4)      Filing: Motion for More Complete Initial Disclosures (Rec. Doc. 68)

        Response: This Motion may be moot by the submission date due to supplementation by Florida Gas.  However, to the extent plaintiffs intend to advance the Motion, Florida Gas responds that the Motion was filed before it had a reasonable opportunity to supplement its list of persons who likely have discoverable information, and ignores the fact that Florida Gas complied with Rule 26 to the extent it allows documents to be disclosed via category.

## BACKGROUND/PROCEDURAL HISTORY

Florida Gas sets forth the following "nutshell" of relevant dates for the easy reference of this Court in considering its legal arguments in Opposition to plaintiffs' discovery motions.

1.  June 18, 2013- rupture of Florida Gas Pipeline

2.  June 18, 2014- *Thigpen* Class Action Complaint alleging negligence and products liability claiming property damage and "bodily injury including shock to her nervous system and psyche arising from June 18, 2013 rupture (Rec. Doc. 1)- **Version 1 of the claims alleged**

3.  January 16, 2015 -Initial Disclosures exchanged

4.  March 23, 2015- Order Striking Class Allegations (Rec. Doc. 25)- **Version 2 - limiting the claims alleged**

5.  May 22, 2015- *Thomas* Original Complaint filed (Rec. Doc. 1- *Thomas Complaint*)

6.  May 27, 2015- Order Consolidated *Thigpen* and *Thomas* action (Rec. Doc.26)

7.  July 8, 2015- Rule 16 scheduling conference and agreement to Case Management Order

8.  July 10, 2015- Plaintiffs first reveal discovery proposal including intention to take over 100 depositions, set the corporate deposition of Florida Gas on ESI and request an expert to do an onsite inspection of Florida Gas headquarters relative to ESI

9.  July 14, 2015- Florida Gas confers with plaintiffs' counsel and objects to the scope of depositions pending its Motion to Dismiss *Thomas* claims

10. July 20, 2015- Plaintiff notices 23 deposition or Florida Gas employees

11. July 29, 2105- This Court Orders the Dismissal of *Thomas* claims arising from the June 18, 2013, rupture (Rec. Doc. 44)- **Version 3- limiting the claims alleged**

12. July 31, 2015- 10 Subpoenas Issued for Florida Gas witnesses

13. August 3, 2015- First Supplemental and Amending Complaint filed alleging claims of nuisance, continuing tort and injunctive relief (Rec. Doc. 61) **Version 4- expanding the claims alleged to avoid dismissal of *Thomas* claims based on prescription**

14. August 9, 2015- Meet and confer regarding supplementation of Initial Disclosures

15.     August 12, 2015- Proposed Second Supplemental and Amending Complaint sent to Florida Gas - ***Proposed* Version 5- expanding the claims alleged to avoid dismissal of *Thomas* claims based anticipated 12(b)(6) motions demonstrating no cause of action.**

## LAW AND ARGUMENT

**I.      Opposition to Motion for Leave to Take More than 10 Depositions (Rec. Doc. 62)**

Plaintiffs' Motion for Leave to take more than 10 depositions is essentially a request to this Court to take any number depositions, which plaintiffs currently estimate to be least 85. Such a request is not within the ambit of Fed. R. Civ. P. 30 (a)(2)(A)(1) and should not be permitted pursuant to Fed. R. Civ. P. 26(b)(2). Rule 30 allows depositions to be taken "with leave" ..."if consistent with Rule 26(b)(2) when " "the parties have not stipulated to the deposition and"... " the deposition would result in more than 10 depositions being taken under this rule..." Rule 26 provides that this Court is required to limit the frequency or extent of discovery if (i) " the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." *See also Tamburo v. Dworkin*, 2010 WL 4867346 *1, *3 (N.D. Ill. 2010)(citing *Builder Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996).

As Florida Gas has already set forth in its Motion for Protective Order, Courts have wide discretion to control and/or limit discovery and can require discovery in advance of depositions to determine the proportionality of the discovery sought to the case. *Oliveri v. Rodriguez*, 122 F. 3d 406,409 (7th Cir. 1997); *Tamburo v. Dworkin*, 2010 WL 4867346 *1, *3 (N.D. Ill. 2010)(citing *Builder Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D.

Ill. 1996).  Discovery should be used to obtain information relative to a viable claim that has

been made, not to  find out if plaintiffs can substantiate a claim at the expense of the defendant.

*Oppenheimer Fund, Inc v. Sanders* 437 U.S. at 352-353.

Here, plaintiffs have failed to demonstrate a useful purpose in taking over 85 depositions

instead of issuing written discovery such that it would justify the associated burden and expense.

Although plaintiffs rely on Florida Gas' list of initial disclosures to support their request for

depositions, that list, as required by Fed. R. Civ. P. 26(a)(1)(A), included persons who may

"likely have discoverable information" relative to the case.   It was based on names of people

found in the production of non-confidential documents identified in the initial disclosures, which

are now in plaintiffs' possession.  Relying solely on the fact that witnesses were identified by

Florida Gas in the initial disclosures does not sufficiently justify a reason to demand their

depositions.  Just because witnesses with "likely" discoverable information were identified in

Florida Gas' initial disclosures does not mean that each one has personal knowledge of the

incident, that their deposition would not be cumulative or duplicative or that limited information

from some witnesses could not be obtained through less intrusive means.  Moreover, Florida

Gas' offer to limit the list based on current information would be futile where plaintiffs have

confirmed a deleted witness would only pique their interest in deposing the person.

The claims of this case are not so complex to necessitate the deposition of at least 85

witnesses.  At this point in the litigation, which remains ever-changing, there is 1 plaintiff

alleging property damage and minor bodily injury arising from the June 18, 2013 rupture and, 23

plaintiffs attempting to substantiate a nuisance or continuing tort claim arising from some act or

omission after June 18, 2013.   Based on the claims remaining (which must still survive Rule 12

motions), this is essentially a property damage case of limited value that seeks reimbursement for

property damage and/or injunctive relief.   It will require documentation of property damage plus information relative to the rupture.  Florida Gas anticipates that written discovery will play an important role in ascertaining the damages alleged and that depositions could me limited to the 10 allowed without leave under the Federal Rules.

Florida Gas does not propose to delay discovery or prevent plaintiffs from taking useful depositions.  To the contrary, it has already volunteered to produce names of witnesses that it has identified to have relevant information.   It is also not seeking a total prohibition of the 30(a) depositions sought.  Instead, Florida Gas seeks a discovery plan which requires the exchange of written discovery to discern people with knowledge and then scheduling depositions at a rate proportionate to this case.   Florida Gas can see no reason to chose the most expensive and obtrusive discovery method possible to determine which of the potential 85 or more witnesses have relevant information when interrogatories could be propounded which highlight the handful of witnesses who would provide the most information at a deposition.  The Motion for Leave to take at least 85 depositions should therefore be denied and Florida Gas' Motion for Protective Order be granted to allow for discovery consistent with Fed. R. Civ. P. 26(b)(2).

II.     **Opposition to Motion to Compel 30(b)(6) Deposition of Florida Gas relative to Electronically Stored Information (Rec. Doc. 67)**

The essence of  Florida Gas' opposition to the 30(b)(6) deposition on ESI, which was extensively briefed in its Motion for Protective Order, is two part: not only is the 30(b)(6) topics regarding *how* Florida Gas stores and maintains ESI completely irrelevant to what documents may be responsive to written inquiry, but it is also premature to the extent that no written discovery has been exchanged on ESI to warrant a corporate deposition, much less plaintiffs' threat to physically inspect the Florida Gas ESI system. *See  Oppenheimer Fund, Inc.v.  Sanders*,

437 U.S. 340, 351 (1978); Fed. R. Evid. 401; *Martin v. Allstate Ins*., Co. 292 F.R.D. 361 (N.D. Texas 2013)(issuing a protective order for the defendant's 30(b)(6) deposition to investigate ESI procedures where there was no evidence to demonstrate the loss or destruction of information).

Plaintiffs have set forth 10 areas of inquiry for Florida Gas that date back to 2005, of which 9 relate to the storage and maintenance of ESI.  Interestingly, the only reason stated in plaintiffs' Motion to Compel is that their counsel has found it to be of "monumental" importance in determining how to begin the discovery of ESI.  Not only is this reasoning not based in law, or sufficiently explanatory, but it is unwarranted under the circumstances of this case.  Plaintiffs have refused to date to engage in any written discovery relative to ESI.  They have not issued a single Interrogatory or Request for Production for ESI.  They have even refused Florida Gas' offer to provide or assist with search terms within a reasonable time period and the production of relevant custodians regarding ESI.  Without even attempting to obtain responsive ESI, they are now seeking a corporate deposition on ESI topics which are irrelevant where no written discovery has taken place and certainly where no evidence of destruction, concealment or loss of information exists.  Parties are duty-bound under the Federal Rules to attempt to cooperate in discovery.  Plaintiffs have rejected Florida Gas' offers to cooperate and instead insist upon an obtrusive examination of the electronic systems of this defendant, a condition to which plaintiffs know that Florida Gas would not readily agree.  The 30(b)(6) topics are irrelevant, the concept is designed only to harass, and the request itself is premature and should be prohibited by this Court.

**III.    Opposition to Motion to Compel Complete and Appropriate Responses to Requests for Admissions (Rec. Doc. 74).**

Plaintiffs' Motion to Compel Complete and Appropriate Responses should be denied because Florida Gas has answered the requests propounded by plaintiffs in accordance with Fed. R. Civ. 36.   As Rule 36 sets forth, Florida Gas has a right to state objections to the Requests and answer to the extent possible.  It is not required to simply admit or deny requests "as written" as suggested by plaintiffs in their brief.  Moreover, it is appropriate to object to a defined word to the extent it expands the scope of discovery such that it becomes unduly burdensome and/or irrelevant in order to allow for a response.  *See Diversified Product Corp. v. Sports Center Co.* 42 F.R.D 3 (D. Md 1967)(holding that a definition provided in written discovery rendered responses unduly burdensome).

Florida Gas complied with Fed. R. Civ. P 36.[1]  It fully admitted facts pertinent to 3 Requests for Admissions, despite plaintiffs' misstatement that every Request was denied, and objected to the remainder with a qualified response.  In most cases, Florida Gas admitted to the particular fact, once appropriately qualified.   At no point did plaintiffs offer to redefine their otherwise vague/overbroad requests until they stated the offer in their Motion to Compel.  The responses provided, combined with the effort to define words, which plaintiffs failed to do, is not in any way "incomplete" or unresponsive but was a proactive attempt by Florida Gas to provide, in good faith, information requested as required by Rule 36.

Likewise, Florida Gas qualified its definition of the "Pipeline" to reflect the Original

---

[1] Rule 36 (a)(4) reads:

Answer.  If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Complaint and to avoid undue burden.  In the Original Complaint, plaintiffs described the

pipeline as follows:

> damages suffered by Plaintiffs and the Class members as a result of the **rupture
> and explosion of 'Line 200**,' **a natural gas transmission pipeline owned**,
> operated and maintained by Defendant, Florida Gas on June 18, 2013, at
> approximately 5:25 a.m. CST near Enon, Louisiana.

However, in plaintiffs' Requests for Admissions, they expanded the definition of Pipeline to be:

> **the natural gas transmission pipeline that traverses the state of Louisiana** and
> the area of Washington Parish in or around Enon, Louisiana that is the subject of
> the above captioned lawsuit.

In accordance with the Original Complaint, Florida Gas defined Pipeline as:

> **the 30 inch diameter section of the Line 200 natural gas pipeline**, which starts
> west of the Zachary Compressor Station at MP 520.1 and runs toward Florida,
> and lies near the town of Franklinton off of South Thigpen Rd., Washington
> Parish, Louisiana (Section 14, Township 3 South, Range 11 East)

The definition of Pipeline in the Requests for Admissions provided by plaintiffs is

overbroad and irrelevant considering the fact that the rupture occurred on the 30 inch diameter

section of Line 200 of the Florida Gas Pipeline, yet plaintiffs seek to expand that definition to

include all 574 miles of pipeline that traverse the state of Louisiana.  Why, for example, the

maintenance, operation and control of the pipeline in one part of the state is relevant to the

section that ruptured is unknown.  Moreover, it is unduly burdensome to ask Florida Gas to

admit or deny requests relative to 574 miles of pipeline on broad topics such as "maintenance" or

"operation".   Accordingly, in lieu of redefining the word Pipeline in every single spot that it

appeared in the Requests, Florida Gas provided a definition consistent with the Original

Complaint in order to, in good faith, qualify the answers before providing a response.  The

Requests for Admissions are complete, as provided, and the Motion to Compel Complete and

Appropriate Responses, should be denied.

## IV.     Motion for More Complete Initial Disclosures (Rec. Doc. 68)

Florida Gas supplemented its Initial Disclosures with additional information relative to persons who likely have discoverable information within 5 days of plaintiffs' discovery conference on the specific issue.  That discovery conference took place the day prior to the filing of the Motion to Compel.  Florida Gas has also invited plaintiffs to propound requests for production and participated in the deposition of Victor Villanova, a consultant retained by Florida Gas, who was interrogated at length on Florida Gas' Initial Disclosures.  As such, plaintiffs' Motion to Compel More Complete Initial Disclosures should be moot.

To the extent plaintiff's intend to carry through with their Motion to Compel production of documents identified by category in Florida Gas' Initial Disclosures, the motion should be denied because it is not supported by Fed. R. Civ. P. 26 and, nevertheless, Florida Gas has made a good faith production of documents.   Rule 26(a) allows "a description by category and location– of all documents....the disclosing party has in its possession, custody, or control and may use to support its claims or defenses..."  Nowhere does it state that all documents identified by category must be produced.  That would make it a production of documents, not an initial disclosure.[2]  In any event, Florida Gas– again acting in good faith to begin focused discovery- produced all non-confidential documents to plaintiffs (nearly 1,000 pages worth) and volunteered to provide plaintiffs with all remaining documents subject to a Confidentiality Agreement.  But, plaintiffs refused to sign Florida Gas' Confidentiality Agreement and have now

---

[2]     Moreover, plaintiffs' insistence upon refusing to use interrogatories and requests for production further complicates this matter.  As outlined above, the litigation has evolved a number of times since the time of the disclosure and the categories of documents identified then are of only partial relevance now. If and when plaintiffs settle upon the allegations that they wish to pursue in this case and demonstrate that their allegations can survive Rule 12, further supplementation of the disclosures may be warranted.

filed a Motion to Compel documents identified in the initial disclosures that they were not entitled to under Rule 26.  The Motion to Compel production of documents identified in Initial Disclosures should be denied because Florida Gas complied with its obligation under Rule 26. Nevertheless, the Confidentiality Agreement is now the subject of Florida Gas' Motion for Protective Order as well as a brief Memorandum requested by this Court.  Accordingly, once Florida Gas' Confidentiality Agreement is in effect, it will produce documents that it volunteered to provide to plaintiffs.

**V.     Conclusion**

It is clear from plaintiffs' excessive discovery requests followed by their flurry of discovery motions that a reasonable discovery protocol is required to allow Florida Gas the ability to participate in discovery, as set forth by the Federal Rules, without constantly addressing plaintiffs' mischaracterization that it is causing delay due to its unjustified objections. It is Florida Gas' contention that this Court adopt the Protective Order set forth in Florida Gas' separately filed Motion (Rec. Doc. 76).   Consistent with the Protective Order, the proposal by plaintiffs to notice over 85 deposition, couched as a Motion to take more than 10 depositions, should be denied until written discovery is exchanged and a reasonable list of persons with relevant information are identified.

Moreover, the Rule 30(b)(6) deposition of Florida Gas on ESI should be prohibited because the areas of inquiry are based on entirely irrelevant subject matters and, at the very least, are premature considering plaintiffs's failure to engage in any written discovery. The Motion to Compel the Rule 30(b)(6) deposition of Florida Gas should, therefore, be denied as irrelevant, premature and harassing.

The Motions to Compel Responses to Requests for Admissions and Complete Initial

Disclosures should also be denied.  Florida Gas complied with Fed. R. Civ. P.  36 and 26, respectively, when it, in good faith, when beyond its obligations under the Federal Rules and took steps to clarify requests to ensure responses could be provided, volunteered documents and supplemented when required.  Accordingly, plaintiffs' Motions to Compel Responses to Requests for Admissions and for More Complete Initial Disclosures should be denied.

Respectfully submitted:

PLAUCHÉ MASELLI PARKERSON L.L.P.

BY: _____s/ Lauren B. Dietzen_____
G. BRUCE PARKERSON (#1118)
JAMES K. ORDENEAUX (#28179) (T.A.)
SCOTT H. MASON (#29329)
LAUREN B. DIETZEN (#31444)
JESSICA S. SAVOIE (#33378)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Telephone: (504) 582-1142
Telefax: (504) 582-1172
COUNSEL FOR FLORIDA GAS
TRANSMISSION COMPANY, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, Lauren Dietzen, do hereby certify that on this 18th day of August, 2015,  I have

electronically filed the foregoing with the Clerk of Court using the ECF system, which sent

notification of such filing to the following:

D. Douglas Howard, Jr.
Shawn C. Reed
Jonathan C. Pedersen
Counsel for Plaintiffs
Howard and Reed
839 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 581-3610
Telefax: (504) 581-7509
Email: ddhowardjr@bellsouth.net, sreed@howardandreed.com,
        jcpedersen@howardandreed.com
-and-
William H. Arata
Counsel for Plaintiffs
216 Austin Street
Bogalusa, LA 70427
Telephone: (985) 735-1368
Email: aratalaw@bellsouth.net

_____s/ Lauren Dietzen_____