## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANIE THIGPEN, et al** | * | **CIVIL ACTION NO. 2:14-cv-01415** |
| **Plaintiffs** | * | **c/w NO. 15-1749** |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION: J** |
| **FLORIDA GAS TRANSMISSION** | * | |
| **COMPANY, LLC, et al** | * | **JUDGE: Carl Barbier** |
| **Defendants** | * | |
| | * | **MAG. JUDGE: Sally Shushan** |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

### FLORIDA GAS TRANSMISSION COMPANY, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

**MAY IT PLEASE THE COURT**:

Florida Gas Transmission Company, LLC. ("Florida Gas")  opposes plaintiffs' third attempt to fashion a viable cause of action in the proposed Second Supplemental and Amended Complaint (Second Amended Complaint) with facts that have been known to plaintiffs since the date of the alleged incident of June 18, 2013, but were not pled in the Original Complaint or the First Supplemental and Amending Complaint (First Amended Complaint) to the detriment of Florida Gas.  Additionally, Florida Gas objects to the Motion for Leave to the extent plaintiffs attempt to revive allegations from the Original Complaint that this Court has already  ordered to be dismissed by asserting those claims by reference *in extenso* (Rec. Doc. 81, Exhibit 2, pp. 14, 17, 18, 20, 23).

Plaintiffs have already been provided a second chance to amend their Original Complaint by this Court to attempt to plead a viable cause of action.  They failed to do so (as will be detailed in Florida Gas 12(b)(6) Motion which will be filed by September 8, 2015) and are now

621313_1.WPD

attempting yet again to put forward previously known facts to assert new allegations in an effort

save their remaining claims from dismissal.   Plaintiffs' ever-changing complaints amount to a

moving target that Florida Gas cannot properly defend themselves against.   Justice does **not**

require leave to be granted to the detriment of Florida Gas when plaintiffs have had the

knowledge and ability to pled facts at the commencement of litigation but failed to do so, and

Florida Gas, as well as this Court, has committed significant resources in response to their prior

allegations.   The Motion for Leave to File Plaintiffs' Second Amended Complaint should be

outright denied, or, at the very least, Florida Gas' Motion to Dismiss the First Amended

Complaint, which will be filed on September 8, 2015,  should be determined prior to, and

without regard to,  the filing of the Second Amended Complaint,  which is noticed for

submission on September 9, 2015.

## **BACKGROUND**

The following facts are limited to those at issue relative to Florida Gas' Opposition to

Plaintiffs' Motion for Leave to File a Second Amended Complaint .

On June 18, 2013, a pipeline ruptured in Enon, Louisiana. Two lawsuits were filed

alleging damages arising from the rupture, namely the *Thigpen* matter and *Thomas* matter (Rec

Doc. 1- *Thigpen*; Rec. Doc. 1- *Thomas*).  Those lawsuits were consolidated on May 28, 2015.

(Rec. Doc. 26).

In the Original *Thomas* Complaint, which plaintiffs' again seek to supplement and

amend, plaintiffs alleged negligence, vicarious liability and res ipsa loquitor causing property

damage, decrease in property value, toxic exposure, bodily injury and loss of use and

convenience.  (Rec. Doc. 1- *Thomas).*  Florida Gas responded to the Complaint by filing a Rule

12(c) Motion to Dismiss the prescribed claims.  (Rec. Doc. 36).

In response to Florida Gas' pending Motion to Dismiss, plaintiffs quickly moved for leave to amend the Original *Thomas* Complaint, as well as the original *Thigpen* Complaint (which was not subject to the Motion to Dismiss) to add additional facts,  allegations of continuing torts and nuisance, and a Texas choice of law question in an effort to avoid a complete dismissal of the *Thomas* suit. (Rec. Doc. 44).  Florida Gas opposed the Motion for Leave and requested consideration of its Motion to Dismiss prior to this Court considering leave to allow the First Amended Complaint into the *Thomas* record. (Rec. Doc. 50).

Pursuant to Rule 15, this Court "freely granted" leave to plaintiffs to attempt to state a cause of action in their now-combined  First Amended Complaint. (Rec. Doc. 61 and 65). However, despite the filing of the First Amended Complaint, this Court ruled that all claims arising from the June 18, 2013, rupture, including those implicating Texas law, were prescribed and dismissed the majority of allegations of the *Thomas* plaintiffs, with prejudice. (Rec. Doc. 61).   The *Thomas* plaintiffs remaining claims now stem only from alleged acts or omissions subsequent to the rupture date.[1] (Rec. Doc. 61).

Now that this Court has carved out the potentially viable causes of action in the First Amended Complaint, and Florida Gas has spent substantial time and effort preparing Rule 12 Motions in response thereto, plaintiffs are again seeking leave to file a Second Amended Complaint in order to add facts and allegations in an effort to thwart the efforts of Florida Gas in defending itself for a second time.  (Rec. Doc. 81).  This is precisely the prejudice Florida Gas sought to avoid when it requested that the First Amended Complaint be considered subsequent to

---

[1]      Florida Gas does not contest that Janie Thigpen alone timely filed suit for damages arising from the June 18, 2013 rupture and her claims for such damages are still at issue following this Court's ruling.

its Motion to Dismiss the Original Complaint so that plaintiffs could amend their complaint

based on the rulings of the Court.  Despite its efforts, the prejudice is now afoot.

    In addition to the threatened prejudice to Florida Gas, there remains no good reason to

grant leave for plaintiffs' Second Amended Complaint.  **Plaintiffs allegations confirm that they**

**have been knowledgeable of the facts that allegedly serve as the basis of the allegations in**

**the Second Amended Complaint since the date of the rupture itself**.  That means, for over

two years, plaintiffs could have provided the facts and allegations they now include in their

proposed Second Amended Complaint, but failed to do so.  For example, plaintiffs allege the

following:

1(a)

> ... Additionally, Plaintiffs bring this action based upon the continuing tortious
> conduct of Florida Gas for persistent, and <u>**ongoing pressure releases, that have**</u>
> <u>**occurred**</u> **and that continue to occur** <u>**following the June 18, 2013**</u> **rupture...**

***

> ...<u>**following the June 18, 20913, incident, Plaintiffs have heard,**</u> **and continue**
> **to hear, a deep rumbling sound** being emitted from the Florida Gas compressor
> station located near Franklinton, Louisiana, which caused Plaintiffs to experience
> continued mental and emotional stress and anxiety.

***

**<u>TRESPASS</u>**

> The **pressure releases that have occurred [presumably following the June 18,**
> **2013, rupture]**, and that continue to occur, cause natural gas.... to enter, or cross
> the property owned and/or occupied by Plaintiffs.

(Rec. Doc. 81, Exhibit 2, p. 2).

Plaintiffs' factual allegations, therefore, confirm knowledge of what they allege to be "ongoing

pressure releases" and a "deep, rumbling sound" creating a "trespass"  since June 18, 2013.  But

it was not until their third attempt at a complaint– the Second Amended Complaint- that those facts and allegations were asserted.

Florida Gas has now devoted substantial resources in preparing a brief addressing the allegations of the First Amended Complaint on the heels of its efforts, as well as the Court's efforts, to address the allegations of the Original *Thomas* Complaint.   Moreover, Florida Gas has been forced to engage in substantial discovery, and this Court has been asked to adjudicate discovery disputes, based upon the allegations currently in the record (See, e.g. Rec. Docs.62, 67, 68, 74, 76, 77, 79, 86, 87, 88, and 92).   Plaintiffs do not seek leave to amend their allegations based upon new facts realized during discovery, but, rather, about which they have had since before this litigation began.   Under the circumstances, the present request for leave is unduly burdensome and prejudicial and should be denied.

## LAW AND ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings " shall be freely given **when justice so requires**". (emphasis added).  However, leave to amend is by no means automatic*.  Layfield v. Bill Heard Chevrolet*, 607 F. 2d 1097, 1099 (5th Cir. 1979). The decision to grant or to deny leave to amend is within the discretion of the trial court. *Id* (*citing Zenith Radio Corp. v.  Hazeltine Research, Inc.*, 401 U.S. 321 (1971).   In determining whether leave should be granted, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party by virtue of allowance of the amended and futility of the amendment.  *Kiln Underwriting Ltd. v. Jesuit High Sch. Of New*

*Orleans*, 2008 WL 4724390 (E.D. La. 2008)(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) and *Lozano v. Ocwen Federal Bank, FSB* 489 F. 3d 636 (5ᵗʰ Cir. 2007)).

The Fifth Circuit Court of Appeal has denied leave where the facts relevant to the proposed amendment are known at the time of the original filing and the amendment would be prejudicial to the opposing party. *Layfield v. Bill Heard Chevrolet*, 607 F. 2d at 1099; see also *Lamar v. American Finance System of Fulton County*, 577 F. 2d 953 (1978). In *Layfield*, plaintiff sought to amend her original complaint three months after the original filing by adding additional claims/violations. *Id* at 1098. She provided no briefs or affidavits in support of her Motion for Leave. *Id*. Defendants objected to the requested leave and filed a Motion for Summary Judgment based on the allegations of the original complaint. *Id*. The Court denied the Motion for Leave and granted defendants' Motion for Summary Judgment. The **Fifth Circuit Court of Appeals affirmed the district court decision** and stated:

> In *Lamar v. American Finance System of Fulton County, Inc.*, 577 F. 2d 953 (5ᵗʰ Cir. 1978)[2], this court held that 'whether a litigant should be permitted belatedly to tender an entirely new issue, never even suggested before, lies in the discretion of the court.' 577 F. 2d at 955. We affirmed the decision of the district court to disallow the introduction of a new issue when it was raised for the first time after both sides had made motions for summary judgment. **One of our main concerns in that case was the duty of an attorney to prepare a case properly and to give the issues full consideration before preparing pleadings**. We believe that

---

[2]     In *Lamar v. American Finance System of Fulton County, Inc*, 577 F. 2d at 954, the court was presented with the question of "whether a litigant should be permitted belatedly to tender an entirely new issue, never even suggested before..." In denying the requested amendment, the Court stated " lawyers of experience who practice what we boast to be a learned profession owe a duty to both their clients and to the court, and, perhaps, even to other members of their profession who appear as opposing counsel, to prepare cases properly, to give the issues full consideration before preparing pleadings, and, in general, to exercise diligence in the practice of their profession. While a trial court may used other remedial measures, **we do not consider that it was an abuse of discretion under the circumstances of this case for the trial court to deny counsel the right, after submitting the case on one set of hypotheses and learning that this was not enough, to attempt to inject new issues in the hope of achieving a different result.** (Emphasis added)

the reasoning used in *Lamar* is equally applicable to the case at hand, **particularly in view of the admission by the appellant's counsel that all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint**.

*Id.*

The same reasoning to deny leave held true in the Fifth Circuit Court of Appeals' more recent case of *Lozano v. Ocwen Federal Bank, FSB* 489 F. 3d 636 (5th Cir. 2007). In *Lozano*, the plaintiffs sought to amend their complaint for a third time and sought leave of court. *Id.* At 644. The third amendment sought to re-allege plaintiffs' fraud claim, which had been originally added to the first amended complaint, but was left out of the second amended complaint filed 3 months earlier. *Id*. The Court "denied the motion, finding, among other things, that the Lozanos had been aware of the factual underpinnings of the fraud claim for some time, and that they had not been diligent in pursuing the claim". *Id*.

The prejudicial situation Florida Gas now finds itself is nearly identical to *Layfield*, *supra*, and *Lozano, supra*. The factual allegations asserted in the Second Amended Complaint are not new facts learned through discovery with Florida Gas. Indeed, none of the proposed pretrial allegations have been developed through discovery efforts in this case. The facts now alleged are those that were within the knowledge of the plaintiffs, not something that had to be obtained from Florida Gas before it could be alleged. The plaintiffs are the ones alleging to experience an ongoing pressure release since the rupture. The plaintiffs are the ones alleging to hear noise since the rupture.

The unreported case of *Kiln Underwriting Ltd. v. Jesuit High Sch. Of New Orleans*, 2008 WL 4724390 (E.D. La. 2008) cited by plaintiffs in support of their Motion includes significantly different facts from the instant matter, which allowed the Court to grant leave in light of the

prejudice to the defendants.  *Id* at *11.  In *Kiln*, the insurance company requested leave to amend

its complaint for the second time approximately twenty months after the original complaint and

four months after it discovered for the first time a document regarding coverages that had been

buried in its paperwork.  *Id.*   The Court analyzed the factors weighing against the amendment

and found there were few. *Id.* In support, the Court noted that the amendment was prompted

upon Kiln's discovery of additional information four months earlier, which it attached as an

exhibit to the Motion in support thereof, and thus found no undue delay. *Id.*  It also noted that the

first amended complaint was nearly 20 months prior, not a repeated failure to cure deficiencies in

successive pleadings. *Id.*  Additionally, the Court considered the fact that if the Motion had been

denied, Kiln would not have been able to assert an important defense to a $2 million coverage

dispute. *Id.*

      Contrary to *Kiln*, the factors considered by the Fifth Circuit weigh heavily against

amendment.  Here,  plaintiffs did not make a discovery of vital factual information for the first

time since their last complaint.  Instead, they seek to plead facts that they have known since the

date of the rupture over two years ago, as confirmed by their proposed Second Supplemental and

Amended Complaint, but have inexplicably **delayed** in alleging.   Plaintiffs also filed their First

Amended Complaint just 30 days ago, but failed to include the facts and allegations they now

seek to assert.  That amounts to **a repeated failure to cure deficiencies** by amendments

previously allowed.   Further, there is at least some evidence of **dilatory motive** to the extent that

each amendment is prompted by a filed or discovered Rule 12 motion by Florida Gas as opposed

to a discovery of facts that plaintiffs independently sought to supplement or amend.

In addition to the other factors weighing against the amendment, the prejudice to Florida Gas and this Court perhaps weigh heaviest.   Plaintiffs have consistently changed their pleadings from the beginning of this lawsuit by initially asserting class action claims, initial complaints for property damages and punitive damages, subsequent complaints for continuing torts and nuisance and Texas law.   Now, they are proposing additional allegations sounding in Louisiana nuisance law which are based upon information known to plaintiff since day 1 but strategically withheld or simply overlooked.

Plaintiffs have created a moving target that disables Florida Gas from determining and asserting its defenses, contrary to the holdings of the Fifth Circuit Court of Appeal in *Layman*, *supra*,  and *Lozano, supra*.   To date, Florida Gas has already been required to file Motions to Strike Class Certifications and allegations of Punitive Damages, a Motion to Dismiss prescribed claims, an Opposition to plaintiffs' Motion for Leave to file the First Amended Complaint, and have now prepared Rule 12 Motions in response to plaintiffs' remaining allegations.   This is all in addition to the barrage of discovery motions asserted against Florida Gas that it has worked to oppose and limit based on plaintiffs' ever-changing complaints.   Now, plaintiffs seek to force Florida Gas to re-examine their defenses again, and file yet another set of motions in response to a Second Amended Complaint.   Substantial time and money as well as judicial resources have been expended as a result of plaintiffs' prior claims.   The prejudice is obvious and must be stopped.

This Court should also deny plaintiffs' Motion for Leave to file a Second Amended Complaint to the extent that it re-avers and re-alleges claims from the Original Complaint which have been dismissed.   As this Court is aware, Florida Gas filed a Rule 12(c) Motion to Dismiss

claims of the *Thomas* plaintiffs that were prescribed. (Rec. Doc. 36).  This Court granted the Motion in part holding that the claims of the *Thomas* claimants arising from the rupture of June 18, 2013 were prescribed. (Rec. Doc. 61).   However, despite this Court's ruling, plaintiffs have re-averred and re-alleged claims previously dismissed in their proposed Second Amended Complaint (Rec. Doc. 81).  For instance, plaintiffs amended paragraph 38(a) alleges " **all of the allegations plead in Plaintiffs' Original Complaint**, First Supplemental and Amending Complaint, and this Second Supplemental and Amending Complaint **are deemed pled herein as if set out *in extenso*"**. (Rec. Doc. 81, p. 23)(emphasis added).  Plaintiffs' attempts to revive their previously dismissed claim by re-averring and re-alleging every single allegation *in extenso* are contrary to the Order of Judgment of this Court should be dismissed and leave to amend should be denied.

If, however, this Court identifies some good faith basis in which to allow plaintiffs another opportunity to assert a viable cause of action, then Florida Gas, requests it first consider its soon to be pending Rule 12 motion before this Court's consideration of the proposed Motion for Leave.  Ruling on the Rule 12 motions provides Florida Gas with the opportunity to respond to the current allegations, which it has spent time and effort analyzing and constructing, and may allow for dismissal of some claims, of which the second proposed amendment has no effect. Additionally, as Florida Gas pointed out in its Opposition to plaintiffs' Motion for Leave to file First Amended Complaint, a ruling by this Court on Florida Gas' Rule 12 motion would provide guidance to plaintiffs in tailoring their complaint to the instructions of this Court in an effort to avoid the need for subsequent amendments.

## CONCLUSION

Leave should not be granted if justice does not permit it.  And, based on the factors weighing against plaintiffs' motion, it should not be granted here.  Plaintiffs have known of the facts they now seek to allege in support of their claims since the day of the pipeline rupture over two years ago.  However, failure to cure deficiencies, undue delay and dilatory motive have prevented plaintiffs from asserting the facts and theory of recovery of which they were aware and failed to plead since day 1.  The failures are to the detriment of Florida Gas.  It has not only expended substantial time and money, all of which plaintiffs are calling on them to do again, but it has also prevented it from preparing a cohesive defense and strategy for discovery.  The prejudice to, and burden upon Florida Gas coupled with plaintiffs failures to timely and efficiently plead all factual allegations demand that their Motion for Leave to File Second Supplemental and Amending Complaint be DENIED.

Respectfully submitted;

PLAUCHÉ MASELLI PARKERSON L.L.P.

BY:      <u>            s/ Lauren B. Dietzen            </u>
G. BRUCE PARKERSON (#1118)
JAMES K. ORDENEAUX (#28179) (T.A.)
SCOTT H. MASON (#29329)
LAUREN B. DIETZEN (#31444)
JESSICA S. SAVOIE (#33378)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Telephone: (504) 582-1142
Telefax: (504) 582-1172
COUNSEL FOR FLORIDA GAS TRANSMISSION
COMPANY, LLC

621313_1.WPD

**CERTIFICATE OF SERVICE**

I, Lauren Dietzen, do hereby certify that on this lst  day of September, 2015,  I have

electronically filed the foregoing with the Clerk of Court using the ECF system, which sent

notification of such filing to the following:

> D. Douglas Howard, Jr.
> Shawn C. Reed
> Jonathan C. Pedersen
> Counsel for Plaintiffs
> Howard and Reed
> 839 St. Charles Avenue
> New Orleans, LA 70130
> Telephone: (504) 581-3610
> Telefax: (504) 581-7509
> Email: ddhowardjr@bellsouth.net, sreed@howardandreed.com,
>         jcpedersen@howardandreed.com
> -and-
> William H. Arata
> Counsel for Plaintiffs
> 216 Austin Street
> Bogalusa, LA 70427
> Telephone: (985) 735-1368
> Email: aratalaw@bellsouth.net

                                    s/ Lauren Dietzen
                        _____