UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANIE THIGPEN, et al                               CIVIL ACTION

VERSUS                                             NO. 14-1415 c/w 15-1749-CJB-SS

FLORIDA GAS TRANSMISSION
COMPANY, et al

### ORDER

PLAINTIFFS' MOTION FOR LEAVE TO AMEND (Rec. doc. 81)

**DENIED**

On June 18, 2013, there was a natural gas ignition at a pipeline owned by the defendant, Florida Gas Transmission Company ("Florida Gas"), near Enon, Louisiana. On June 18, 2014, Janie Thigpen ("Thigpen"), individually and on behalf of all others similarly situated, filed a class action complaint against Florida Gas. Rec. doc. 1. On March 23, 2015, Florida Gas' motion to strike class allegations was granted. Rec. doc. 25.

On May 22, 2015, Brigitte Thomas and thirty-one others ("the Thomas Plaintiffs") filed a complaint to recover damages as a result of the pipeline ignition. CA 15-1749 – Rec. doc. 1. The complaint by the Thomas Plaintiffs was consolidated with the Thigpen action. Rec. doc. 26.

The discovery deadline in the consolidated actions is February 29, 2016. The pre-trial conference is set for March 31, 2016. The trial is set for three weeks with a jury beginning April 25, 2016. The scheduling order provides that, "[a]mendments to pleadings . . . shall not be filed." Rec. doc. 43 at 1.

Florida Gas filed a motion to dismiss the complaint of the Thomas Plaintiffs as prescribed. Rec. doc. 36. The Thomas Plaintiffs opposed the motion and sought leave to file a first supplemental and amended complaint. Rec. docs. 44 and 51. The District Judge found that

all claims for injury or damages sustained by the Thomas Plaintiffs on June 18, 2013 as a result of the natural gas ignition were prescribed.  Rec. doc. 61.

> The Court does not reach a conclusion regarding any claims for continuing tort, nuisance, or injunctive relief that have not been adequately briefed for the present Motion to Dismiss Based on Prescription.  The parties may file appropriate motions concerning those claims.

Id. at 17.  The motion for leave to file first supplemental and amended complaint was granted.  The motion to dismiss was granted in part.  All claims of the Thomas Plaintiffs against Florida Gas seeking damages were dismissed with prejudice.  Rec. doc. 61.  The Thomas Plaintiffs moved for reconsideration.  This motion is set for November 18, 2015.  Rec. docs. 94 and 96.

> In granting the Thomas Plaintiffs' leave to amend, the District Judge said:
>
> The *Thomas* Plaintiffs' proposed Amended Complaint asserts additional and more specific allegations of fact to more fully address their claims as well as issues relating to prescription and choice of law. Accordingly, the Court finds that "justice so requires" the Court to give leave to amend.

Rec. doc. 61 at 6-7.

The first supplemental and amended complaint was filed on August 3, 2015.  Rec. doc. 65.  Florida Gas filed a motion to dismiss that is set for September 23, 2016.  Rec. doc. 99.

The Thomas Plaintiffs filed their motion for leave to file a second amended complaint less than five weeks after they sought leave to file their first amended complaint.  Rec. doc. 81.  They urge that the amendment is needed to plead allegations that relate to the issues of a continuing tort and the necessity of injunctive relief with regard to the pipeline.  They argue that the pleading is timely as discovery has not commenced.  Florida Gas opposes the motion.  Rec. doc. 97.  Plaintiffs did not file a reply.

The first issue is the provision in the scheduling order providing that amendments to pleadings shall not be filed.  Rec. doc. 43.  In S&W Enterprises, L.L.C. v. Southtrust Bank of

Alabama, NA, 315 F.3d 533 (5th Cir. 2003), the Fifth Circuit held that Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired.

> Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

Id. at 536.  Plaintiffs do not address whether they are required to demonstrate good cause under Rule 16(b).

The District Judge's order granting plaintiffs' motion for leave to file the first supplemental and amended complaint and granting in part Florida Gas' motion to dismiss did not vacate the scheduling order or the statement that further amendments were not allowed.  The provision in the scheduling order that amendments to pleadings shall not be filed remains in place.  Rec. doc. 43.  Plaintiffs are required to demonstrate good cause to modify the scheduling order's instruction before the Rule 15(a) standard applies.  Plaintiffs have not demonstrated good cause.

Assuming that the provision of the scheduling order prohibiting the filing of amendments was vacated when the District Judge granted plaintiffs' motion for leave to file the first supplemental and amending complaint, the issue is whether plaintiffs should be granted leave to amend under Rule 15(a).

> In Jacobsen v. Osborne, 133 F.3d 315, (5th Cir. 1998), the Fifth Circuit stated:
>
> The denial of a Rule 15(a) motion to amend is reviewed for abuse of discretion. Likewise, whether to grant such a motion is committed to the sound discretion of the district court . . . , but, that discretion is limited by Rule 15(a), which states that leave shall be given when justice so requires.  In sum, the motion should not be denied unless there is a substantial reason to do so.  Toward that end, the district court may consider factors such as whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

Id. at 318 (citations omitted and quotation marks omitted).

The natural gas ignition occurred on June 18, 2013. Since then, the Thigpen and Thomas complaints and the first amended complaint were filed. Plaintiffs amended their complaint more than two years after the alleged incident and before the commencement of any discovery.

As noted by Florida Gas, there are new allegations in the proposed second amended complaint relating to events that occurred after the June 18, 2013 and before the filing of the Thigpen complaint. For example, in paragraph 1(a) of the proposed complaint, plaintiffs allege that, "following the June 18, 2013, incident, Plaintiffs have heard, and continue to hear, a deep rumbling sound being emitted from the Florida Gas compressor station located near Franklinton, Louisiana, which causes Plaintiffs to experience continued mental and emotional stress and anxiety." Rec. doc. 81 (Proposed pleading at 2).

There are substantial reasons to deny plaintiffs' motion for leave to amend. Plaintiffs repeatedly failed to cure deficiencies by amendments which were allowed. There is undue prejudice to Florida Gas.

IT IS ORDERED that the motion of for leave to file second supplemental and amended complaint (Rec. doc. 81) is DENIED.

New Orleans, Louisiana, this 9th day of September, 2015.

**SALLY SHUSHAN**
**U.S. Magistrate Judge**

4