# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANIE THIGPEN, ET AL. | * | CIVIL ACTION NO. 2:14-cv- 415 |
| | * | c/w NO. 15 -cv- 1749 |
| VERSUS | * | |
| | * | SECTION: J |
| FLORIDA GAS TRANSMISSION | * | |
| COMPANY, LLC, ET AL. | * | JUDGE: Carl Barbier |
| | * | |
| | * | MAG. JUDGE: Sally Shushan |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO MAGISTRATE'S RULING ON MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above captioned consolidated matters object to the ruling and order of the Magistrate Judge on their Motion for leave to file the attached Second Supplemental and Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) in the above referenced matter for reasons set forth herein below.  This Objection to the ruling and Order of the Magistrate Judge (Rec. Doc. 102) is being filed to Rule 72 of the Federal Rules of Civil Procedure.  Notably, Plaintiffs object to the finding of the Magistrate that just cause was not shown for the filing of the Second Supplemental and Amended Complaint, and further, urge that the Magistrate's ruling was contrary to the jurisprudence that requires that courts should grant leave to file supplemental and amended complaints when no prejudice will result and good cause exists for the failing of same.    Based upon the facts and circumstances of this cause of action and the applicable law and jurisprudence, Plaintiffs advised the court at the initial scheduling conference that complex issues existed in this case and the scheduling order developed was insufficient and did not provide adequate deadlines.  Now, Defendants seek to preclude the filing

of the Second Supplemental and Amended Complaint which contains allegations that were not previously known or supported by evidence that was not previously produced by Defendants with their Initial Disclosures.   In fact it was not until plaintiffs filed their Motion to Compel Complete Initial Disclosures on or about August 10, 2015 that defendant began producing records that provided a basis for the allegations asserted in the Second Supplemental and Amended Complaint at issue herein.  As such, under Rule 72 the aforementioned objections to the Magistrate's Order denying Plaintiffs' Motion for Leave to file the Second Supplemental and Amended Complaint are asserted and a review by this Honorable Court is requested.

## I. INTRODUCTION

The Second Supplemental and Amended Complaint at issue herein is required to plead allegations that relate to the issues of a continuing tort and the necessity of injunctive relief with regard to the pipeline operated and maintained by Defendant, Florida Gas Transmission Company. More specifically, Plaintiffs' Second Supplemental and Amending Complaint alleges detailed facts that support Plaintiffs' claims for continuing tort, nuisance, and injunctive relief, all of which were expressly preserved by the District Court in its ruling on Defendant's Motion to Dismiss. (Rec. Doc. 61).

Notably, discovery in this matter has not yet been initiated at this time due to delays and impediments set forth by Defendant.  As such, just cause exists for Plaintiffs to supplement and amend their complaint with newly discovered information about the pipeline at issue and the acts and/or omissions of defendant that were not previously known or specifically plead in prior complaints.  Justice requires that Plaintiffs be allowed to present facts and allegations as well as legal theories to protect their interests and prosecute their claims and demands for relief contained in this lawsuit.

Judicial economy certainly supports allowing the filing of said the Second Supplemental and Amended Complaint, as Plaintiffs' proposed pleading sets forth with particularity Plaintiffs' claims asserted herein. That is, the factual allegations and statements of the law contained in the Second Supplemental and Amended Complaint do not expand this case, but merely specify the details relating to same which shall be proved at the trial on the merits of this matter. Contrary to the assertions of Defendant, the allegations in the Second Supplemental and Amended Complaint do not fundamentally change the posture of this matter and is timely given the fact that discovery has not commenced and Defendant has not even produced all of its initial disclosures. Notwithstanding the scheduling Order's prohibition on amending the Complaint, Defendants failed to disclose crucial evidence and now seeks to use that failure to timely disclosure documentary evidence that was not otherwise discoverable to seek dismissal of Plaintiffs' claims in their entirety.  The necessity of a First and Second Supplemental and Amended Complaint is precipitated by Defendant's failure to produce Initial Disclosures and documents in an effort to gain advantage and obtain Rule 12(b) dismissals.

## II. ARGUMENT AND AUTHORITIES

Pursuant to Rule 72, this Honorable Court must review Plaintiffs objections to the Magistrate's Order denying their Motion for Leave to Amend their Complaint for just cause under the circumstances.  This Honorable Court properly summarized the standard by which motions for leave to amend complaints should be granted in *Kiln Underwriting, Ltd. v. Jesuit High School of New Orleans,* which stated in pertinent part:

> "Under FED. R. CIV. P. 15(a)(2), a court "should freely give leave [to amend a pleading] when justice so requires." The Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). For this reason, "[a]mendments should be liberally allowed." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Though "the decision to grant or deny leave is one left to the sound discretion of the district court," id., this discretion "**does not permit denial of a motion to amend unless there is a substantial reason to do so.**" *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981)).["1]

Most importantly, the *Kiln* case, holds that "[i]n determining whether leave should be granted, the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[2]  In the present situation there is no substantial reason for denying Plaintiffs' Motion to Amend.

Additionally, as the District Court properly noted in its decision to allow Plaintiffs to file their First Supplemental and Amending Complaint, Rule 15(a) of the Federal Rules of Civil Procedure "**requires a trial court to grant leave to amend freely, and the language of this rule evidences a bias in favor of granting leave to amend.**" *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop.*

---

[1] *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286, 29-30 (E.D. La. Oct. 24, 2008).
[2] Id. *citing,  Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Lozano v. Ocwen Federal Bank*, 489 F.3d 636 (5th Cir. 2007)

*Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)) (internal quotation marks omitted). (See Rec. Doc. 61). (Emphasis added.)

Certainly, the facts and circumstances set forth in the allegations in the Second Supplemental and Amended Complaint contain discrete facts and issues that further support claims raised in previously filed complaints herein.   Said allegations set forth facts and issues alleged in the Supplemental and Amended Complaint at issue will assist in the development of discovery planning and preparation for trial by both parties.   Obviously, discovery and fact finding has yet to occur in this matter which will further assist in narrowing the issues relating to liability, causation and/or damages.

Unless the opposing parties can show a "substantial reason" for objecting to the filing of the proposed Second Supplemental and Amended Complaint, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies or undue prejudice to the opposing party, this Honorable Court should grant leave to file an amended pleading. *Foman v. David,* 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman,* 371 U.S. at 182. In other words, the Fifth Circuit has held that courts "must entertain a presumption in favor of granting parties leave to amend."  *Mayeaux v. La. Health Service and Indemnity Co.,* 376 F. 3d 420, 425 (5th Cir. 2004).  In their opposition to the Motion for Leave to Amend at issue, Defendant's did not raise substantial reasons for objecting to the filing of the proposed amended complaint other than their desire to dismiss Plaintiffs' claims summarily on the face of the pleadings and the misguided argument that the information alleged was publically available, when it was not.  Notably, Plaintiffs have not even been provided all of the purported documentation from the files of PMSHA or the DOT- Corrective Action Order

responses that they claim were publically available.   They now urge that these documents are confidential.

In the present situation justice requires and good cause exists for the filing of the Second Supplemental and Amended Complaint since it contains allegations, facts and law that provide clarity to the matter as a whole and assist both sides in preparing their case and proceeding with discovery issues.   Plaintiffs have a right to seek redress in this Honorable Court and obtain a review of the decision of the Magistrate.

Contrary to the assertions of Defendants and the findings of the Magistrate the amended complaint at issues alleges facts specific to Plaintiffs' cause of action that were previously withheld from Plaintiffs.  *See* proposed Second Supplemental and Amended Complaint  attached hereto as Exhibit A.

Accordingly, due to the posture of this cause of action, the filing of the Second Supplemental and Amended Complaint at issue represents the most efficient and just course of action to avoid delay and undue expense of time and resources for all parties and this Honorable Court. The amendment does not fundamentally alter the nature of the case and alleges facts that are consistent with all previously plead allegations. See, *Mayeaux* 376 F. 3d at 427.   The proposed Second Supplemental and Amended Complaint is appropriate and timely the proposed modifications would facilitate rather than delay the progress of this litigation.

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court grant reverse the Order of the Magistrate and grant leave to file the Second Supplemental and Amended Complaint in the above consolidated causes of action.

Respectfully submitted,

/s/ *Shawn C. Reed*
SHAWN C. REED, #14304

KYLE T. DEL HIERRO, #21557
516 N. Columbia Street
Covington, Louisiana 70433
Telephone: 985-893-3607
Fax: 985-893-3478

-- AND --

D. DOUGLAS HOWARD, JR., #7021
JONATHAN C. PEDERSEN, #3229039 St.
Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone: 504-581-3610
**Attorneys for all Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2015, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.

/s/ *Shawn C. Reed*
SHAWN C. REED, #14304